# Miller *against* The Commonwealth.

The 74th section of the Act of 15th April 1834 does not apply to the official bond of a sheriff executed before its passage. Such bond must be sued according to the provisions of the Act of 28th March 1803.

The Legislature may alter the period of limitation of the lien of a judgment then existing; but the power being of an extraordinary nature, the court will not infer such an intention unless clearly expressed.

The sheriff's recognizance of record is notice to the whole world, and no special notice need be given of its lien to a terre-tenant.

The purchaser from the sheriff of land bound by the sheriff's recognizance is not to be considered as a surety; but stands in the same situation as to the lien with his vendor.

ERROR to the District Court for the city and county of *Lancaster*.

The Commonwealth for the use of Christian Bachman against David Miller, late sheriff of Lancaster county, with notice to the terre-tenants. The following case was stated for the opinion of the court below, with a right to either party to take a writ of error.

On the second Tuesday of October in the year 1833, David Miller, the defendant, was duly elected high sheriff of Lancaster county for the term of three years, and in pursuance of such election was, on the 14th day of October 1833, duly commissioned by George Wolf, then Governor of the Commonwealth of Pennsylvania. Previously to such commission being issued, viz. on the 12th day of October 1833, he, the said David Miller, entered into a recognizance to the Commonwealth of Pennsylvania in the sum of $25,000 before Jacob Peelor, Esq., then recorder of Lancaster county, (the said recognizance being also entered into by David Witmer, Jun., Henry Miller, Isaac Graft, Henry Miller, Jun., Jacob Kauffman, Benjamin Witmer and William Thompson, as sureties of the said David Miller), "conditioned that if the said David Miller shall, and do without delay and according to law,

[Miller v. The Commonwealth.]

well and truly serve and execute all writs and process of the Commonwealth of Pennsylvania to him. directed, and shall and do, from time to time, upon request to him for that purpose made, well and truly pay, or cause to be paid to the several suitors and parties interested in the execution of such writs or process, their lawful attorneys, factors, agents or assigns, all and every sum and sums of money to them respectively belonging, which shall come to his hands, and shall and do from time to time, and at all times during his continuance in the office of sheriff of the county of Lancaster, well and faithfully execute and perform all and singular the trusts and duties of the said office lawfully appertaining, then said recognizance to be void, or else to be and remain in full force and virtue" (prout said recognizance which is hereby made a part of the case stated). The said recognizance was duly approved of in the manner prescribed by law, and duly recorded in the Recorder's Office at Lancaster on the day and year last aforesaid (prout said record, which is also made a part of this case).

At the election of the said David Miller as high sheriff of the county of Lancaster, and at the time of the execution of said recognizance by the said David Miller, and also at the time of his commission by the Governor, and for a long time after, to wit, until the 22d day of January 1842, he was seised and possessed in fee-simple of a certain lot or piece of ground situate in the city of Lancaster (with improvements) fronting East King street, and adjoining on the east property of the Farmers' Bank of Lancaster, and on the west property of William Ihling. On the 22d day of January 1842, for the consideration of $7,500, the said David Miller sold and conveyed the said lot or piece of ground to Jacob Witmer, to him, his heirs and assigns, which deed was, on the 24th day of January in the year last aforesaid, recorded in the Recorder's Office at Lancaster, in book T., vol. 6, page 374, &c. (prout said deed, which is also made a part of this case stated).

The said Christian Bachman, the plaintiff, during part of the time that the said David Miller held the office of sheriff aforesaid, was prothonotary of the Court of Common Pleas of said county of Lancaster, and also prothonotary of the District Court for the city and county of Lancaster, being commissioned in January 1830, and superseded in January 1836. The said David Miller received upon executions and other process, issued out of the said District Court and Court of Common Pleas, and which were placed in his hands as the sheriff of Lancaster county to be executed, a large sum of money for fees, which had accrued and were due the plaintiff, Christian Bachman, whilst prothonotary of the said courts. On the 8th day of June 1839, it was ascertained that the balance of fees due the said Christian Bachman, as prothonotary aforesaid, by the said David Miller, and which he had received as sheriff aforesaid, amounted to $888.54, which sum was acknowledged by the said David Miller in writing under his signature, as the cor-

v. — 62

, [Miller v. The Commonwealth.]

rect balance due to the said Christian Bachman, for fees received by him as sheriff, and agreed to pay the same without defalcation or set-off, and with interest from October 1st 1837 (prout said writing, which is also made a part of this case). On the 23d day of March 1842, $300 were received on account by the said Christian Bachman, from David Miller, the defendant. On the 12th day of February, the 21st and 23d days of May, and on the 12th day of August in the year 1842, Christian Bachman, the plaintiff, by letters bearing date on the days aforesaid, addressed Jacob Witmer, terre-tenant of the lot or piece of ground, in relation to his said claim, &c. (prout said letters, which are also made a part of this case). The plaintiff gave no other notice to Jacob Witmer of his claim except those letters.

If, upon the facts mentioned and included in the case stated, the court should be of opinion that the claim of Christian Bachman, the plaintiff, against David Miller, the defendant, for fees received as aforesaid, is a lien upon the premises purchased by Jacob Witmer as aforesaid, and that the plaintiff is entitled by law to recover interest according to the agreement of the defendant, then judgment to be rendered for the said Christian Bachman, against the said David Miller, defendant, and against the said Jacob Witmer as terre-tenant, for the amount of his claim with interest, subject however, to a credit for the payment made as aforesaid. If the court should be of opinion on the case stated as aforesaid, that the plaintiff is entitled to recover without interest, then judgment to be entered as aforesaid, without interest. If, however, the court should be of opinion upon the case stated, that the said claim of the plaintiff is not a lien on the premises conveyed to Jacob Witmer, then judgment to be rendered against David Miller only, for the amount due with interest.

The following were the letters alluded to in the case stated:

*February 12th* 1842.

DEAR SIR:—I have just been informed that you have lately purchased from Gen. David Miller, his house in East King street in this city. As I have a lien against the property of $888.54, with interest thereon from October 1st 1837, and am in want of the money, it will no doubt be as convenient for you to pay me the amount of my lien out of the purchase money, to which I presume Mr Miller would have no objections, as it would not put him to any inconvenience, and you will very much oblige.

*May 21st* 1842.

DEAR SIR:—David Miller having neglected to comply with his several promises to pay me the amount due by him for fees received during the time he was sheriff of this county, being $888.14, besides nearly five years' interest, of which I informed you by letter in February last as soon as I heard that you had become the purchaser of his property. My claim against him for

[Miller v. The Commonwealth.]

the amount stated being secured by lien on the same, as I then informed you. I regret exceedingly that I am obliged to trouble you about this matter, but it is now nearly six years since his time expired as sheriff, and I have been kept out of my money ever since. I have now come to the conclusion to proceed by legal process against the property for the recovery of my claim, if there is no satisfactory arrangement made by the first of June next.

*May 23d* 1842.

DEAR SIR :—David Miller having paid me $300 on account of the claim which I have against him for fees received by him as sheriff of Lancaster county for me, I am therefore willing to give further time for the balance.

*August 12th* 1842.

DEAR SIR :—I have thought proper to furnish you with a copy of my claim against the property formerly of David Miller, so that in case you should have any difficulty you may take some legal advice upon the matter, and if you are satisfied that all is right, the shortest way would be for you to arrange it in some way to avoid the expenses of instituting proceedings against the property. I am willing to wait for the money, should that be any accommodation to you; but I should like to have it closed, as there is, I perceive, no prospect of Miller paying anything more on it. David Strohm, the person who made out the balance, was the deputy-sheriff under Mr Miller, and was the person whom he selected himself to make the settlement between us. I refer you to the opinion of the Supreme Court of this State, in the case of *Passmore* v. *Reigart,* (3 *Penn. Rep.* 286.)

Enclosed in the above :

LANCASTER, *June 8th* 1839.

Settlement between David Miller, late sheriff of Lancaster county, and Christian Bachman, late prothonotary of the same county.

Fees received by Mr Miller for Mr Bachman as prothonotary, ....$1388.53
Fees received by Mr Bachman for Mr Miller as sheriff,.......... 509.99
　　　　　　　　　　　　　　　　　　　　　　　　　　　$888.54

Leaving a balance due Mr Bachman of eight hundred and eighty-eight dollars and fifty-four cents.

[ Signed ]　　DAVID STROHM.

I am satisfied that the within balance coming to Christian Bachman for fees received by me as sheriff for him is correct, and I agree to pay the same without defalcation or set-off, and with interest from October 1st 1837.

[ Signed ]　　DAVID MILLER.

March 23d 1842, received three hundred dollars on account.
　　$300

HAYES, (President). The recognizance of the defendant was

[Miller v. The Commonwealth.]

acknowledged on the 12th day of October 1833; and the question here, as in the case of *Snyder* v. *Passmore*, is under the Act of the 28th of March 1803, " directing sheriffs and coroners to give sufficient sureties for the faithful execution of their official duties and for other purposes." There is nothing in the present case to distinguish it from that, which was decided in 1831, and in which it was held that the sheriff's recognizance was unlimited in its duration. The decision in that case must consequently govern this.

The arguments presented to show that the terre-tenant is a surety; that as such he was discharged from his obligation by the letters of Bachman; that this case falls under the Act of 1834, relating to counties and townships, and county and township officers; and that the lien of the recognizance does not, therefore, continue to bind the land of the defendant—all are untenable.

1. The terre-tenant does not stand to the defendant in the relation of a surety.

2. If he were a surety, there is nothing in Bachman's letters to discharge him.

3. The Act of 1834 does not apply to this recognizance. Its provisions are referable to recognizances entered into agreeably to its requisitions; and its 74th section altered the existing law with respect to the *extent,* and not the *duration* of the lien of a sheriff's recognizance.

The plaintiff is entitled, on the case stated, to recover judgment against David Miller, late sheriff, for the amount acknowledged by him to be due, with interest from October 1st 1837, deducting $300 received on account, March 23d 1842; and this judgment, being from the lien of the recognizance, *in rem* as well as *in personam,* is a judgment against Jacob Witmer, terre-tenant. Let judgment be entered accordingly.

Errors assigned:

1. The court erred in deciding that the terre-tenant in this case does not stand to the defendant in the relation of a surety.

2. In deciding that if he were a surety, there is nothing in the letters of Bachman to discharge him.

3. In saying that the Act of 1834 does not apply to the recognizance in this case.

4. In entering judgment for the interest from 1st October 1837.

5. In entering a judgment against Jacob Witmer, the terre-tenant, who is a purchaser without notice, as the case stated finds.

*Reigart,* for the plaintiff in error, referred to 1 *Dall. Laws* 484; 2 *Ibid.* 771; 3 *Ibid.* 14; Act 28th March 1803, *Purd.* (1831) 832, sect. 4; 3 *P. R.* 286; Act 15th April 1834, *Pam.* 537, sect. 74, 117; 7 *Watts* 336.

*Long* and *Fordney,* contra, cited 2 *Watts & Serg.* 60; 1 *Ibid.* 186; 3 *Serg. & Rawle* 170.

[Miller v. The Commonwealth.]

The opinion of the Court was delivered by

Rogers, J.—The lien of the official bond of a sheriff, under the construction given to the Act of 1803, is unlimited both in duration and extent, as is ruled in *Snyder, administrator of Reigart* v. *The Commonwealth for the use of Passmore*, (3 *P. R.* 286). If, therefore, this case falls within the principle there decided, it is an authority in point adverse to the plaintiff in error. But the plaintiff in error contends it is governed by the Act of 1834; but without undertaking to decide whether the 74th section relied on, alters the existing law in these particulars, we conceive it can have no effect whatever on this recognizance, which was given by the sheriff before the passage of the last-named Act. In *Myers* v. *The Commonwealth* it is ruled, that the Act of the 14th June 1836, which provides a remedy on the official bond of a sheriff, is not applicable to bonds which bear date prior to the passage of that Act. It is ruled, that they must be sued according to the provisions of the Act of the 28th March 1803, and in this way only can the plaintiff recover the amount of the damage sustained by the official misconduct of the officer. That alteration in the law, although it may affect the lien of a judgment or recognizance then existing, is within the constitutional power of the Legislature. It is not intended to deny, but we must all agree, that it is a power of an extraordinary nature, and should consequently be exercised with great tenderness, and it is undoubtedly the duty of the judiciary, not to infer such an intention from doubtful expressions, much less should such a construction be given, where the Legislature have indicated otherwise in sufficiently clear terms. The 74th section of the Act of the 15th April 1834, does not embrace a recognizance, except given under that Act. This we think very clear, for the Act prescribes the form of the recognizance *thereafter* to be taken from sheriffs and securities, and the 74th section enacts that " all the real estate within the same county of a sheriff and coroner, &c., shall be bound by a recognizance taken in manner aforesaid (clearly referring to the 64th section) as effectually as by a judgment to the same amount, in any court of record of such county." The recognizance is to be certified to the prothonotary of the several Courts of Common Pleas. The Legislature did not intend to interfere with recognizances previously taken, or to alter in any manner the remedies to enforce them, or the duration of the lien. It would be difficult to assign a reason why such an alteration was necessary as to existing rights, for it would be dangerous to disturb them, even as regards remedies, much less as to the duration of the lien. Statutory limitations, operating upon previous claims, cannot be introduced except with extreme precaution and under extraordinary circumstances. Creditors may be taken by surprise, and many an honest claim lost, the consequence of tenderness and forbearance towards unfortunate debtors. And this case furnishes an example in point,

[Miller v. The Commonwealth.]

for we are warranted in saying, that the plaintiff would not have neglected to push his lien, except from the impression derived from the case of *Reigart* v. *Passmore*, that his debt could not be jeoparded by the delay.

It is almost needless to add, that there is nothing in the objection, that the terre-tenant had no notice, for the record of the recognizance was notice to the whole world. Nor is there anything in the suggestion, that the terre-tenant is a surety. He is a purchaser with notice of the lien, and consequently stands in the same situation with his vendor. The doctrine of principal and surety, therefore, does not apply.

Judgment affirmed.