## Campbell *et al. versus* Fleming.

1. In an action against an administrator for the debt of his intestate, the Statute of Limitations is a bar, although six years had not elapsed at the death of the decedent, and the suit was brought within six years after his death.

2. McClintock's Appeal, 5 Casey 361, is not applicable to a case where an action is brought directly against the administrator.

3. The Act of 1797, section 4th, substituted by the 24th section of Act of February 1834, was not an enlarging, but a restraining act for the purpose of confining the prior unrestricted lien of a decedent's debts against his estate.

4. The Act of 1797, section 4, did not create a lien, but limited it to a term of years.

5. Micheltree *v.* Veech, 7 Casey 455, and McCandless's Appeal, 11 P. F. Smith 9, considered.

November 12th 1869.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the District Court of *Allegheny county:* No. 138, to October and November Term 1869.

Hugh S. Fleming, on the 4th of March 1868, brought an action of assumpsit against Henry Campbell, administrator, &c., of Nelson Campbell, deceased, with notice to Jane Campbell and others, heirs of the said decedent, and also with notice to Richard Nutall and others, terre-tenants.   The defendants pleaded non assumpsit, &c., and the Statute of Limitations.

The cause of action was a promissory note for $562.30, drawn by the decedent in favor of the plaintiff, dated October 6th 1858, and payable four months after date.   The decedent died March 29th 1863.   Having given the note in evidence, the plaintiffs rested.

The defendant having proved books to be those of the Mechanics' Savings Bank of Allegheny City, offered the books in evidence for the purpose of showing that the note in suit had been discounted by that bank; that the proceeds were credited to the plaintiff, and did not appear to have been charged to him at maturity.

The offer was objected to as not stating that the note was paid by the drawer, and that the fact of the note being in the plaintiff's hands is evidence of itself that he paid it.

The offer was rejected, and a bill of exceptions was sealed.

The defendant proved that the plaintiff had been president of the bank at the time the note was discounted and paid.   He then proposed to prove that from the time the note became due and up till the death of Nelson Campbell he was a man of large property, considered entirely solvent, and left a very large estate.   The offer was objected to, rejected, and a bill of exceptions sealed.

He then gave evidence by Elizabeth McElhenney, a daughter

[Campbell v. Fleming.]

of Alexander Cameron, who had been cashier of the bank, and was dead, that the note in suit was in her father's possession on the 31st of January 1868, in his private box; he was not then cashier; at her father's direction she took the note to the First National Bank to be delivered to the plaintiff: there were other papers belonging to the plaintiff in the box.

It was admitted that no demand had been made on the administrators for payment of the note until February 4th 1868. The note was not protested, nor was there a waiver of protest: if it had not been paid at maturity it would have been protested. The note was discounted at the bank, and the plaintiff received the proceeds.

The defendant renewed his offer of the books of the bank: the offer was again rejected, and a bill of exceptions sealed.

The defendants asked the court to charge that the debt was barred by the Statute of Limitations. This point was reserved, and the court charged:—

" We instruct you, as a matter of law, that under all the evidence in the case, the plaintiff is entitled to recover, and we direct you so to find, subject to the opinion of the court on the question of law reserved whether or not the claim is barred by the Statute of Limitations."

The verdict was for the plaintiff for $902.50, subject to the question of law reserved. Judgment was afterwards entered on the verdict, on the reserved question.

The defendants took a writ of error, and assigned for error the rejection of their offers of evidence, and entering judgment on the reserved question.

*White & Slagle*, for plaintiffs in error.—The claim was barred by the Statute of Limitations, Acts of March 27th 1713, sect. 1, 1 Smith's L. 76, May 28th 1715, § 6, 1 Smith's L. 91; Purd. 655, 656 pl. 16, 23. The act covers claims against decedents' estates as well as against individuals, and they are not affected by the 34th sect. of Act of February 24th 1834: Pamph. L. 79, Purd. 288, pl. 100. A promise to pay by an administrator will not revive a barred debt: Kyle v. Wells, 5 Harris 286; Gillingham v. Gillingham, Id. 302; Chandler v. Glover's Adm'r., 8 Casey 509; Fritz v. Thomas, 1 Whart. 66; Man v. Warner, 4 Id. 480; Marseilles v. Kenton, 5 Harris 244; Micheltree v. Veach, 7 Casey 455; Forney v. Benedict, 5 Barr 226. When a statute has commenced it will not be suspended: Hall v. Vandergrift, 3 Binn. 374; Foulk v. Brown, 2 Watts 215. That the suit is brought to enforce a lien under the 24th sect. of Act of February 24th 1834, Pamph. L. 77, Purd. 285, pl. 82, makes no difference. The 34th sect. of the Act of 1834, applies only to cases where it is intended to charge the lands by execution, and it is not necessary to make the widow and heirs par-

[Campbell *v.* Fleming.]

ties in the first instance: Murphy's Appeal, 8 W. & S. 165; Benner *v.* Phillips, 9 Id. 16; Atherton *v.* Atherton, 2 Barr 112. Anterior to the Act of April 4th 1797, sec. 43, Smith's L. 296, the lien of a decedent's debts was indefinite: Trevor *v.* Ellenberger, 2 Penna. R. 94. An application to the Orphans' Court will not be entertained to sell lands to pay a decedent's debts which are barred by the statute: Pry's Appeal, 8 Watts 253; Clauser's Est., 1 W. & S. 215; Benner *v.* Phillips, *supra.* As to the rejection of their offers of evidence, they cited Mullen *v.* French, 9 Watts 97; Chitty on Contracts 806; Tilghman *v.* Fisher, 9 Watts 442; King *v.* Coulter, 2 Grant 77.

*T. H. Geyer*, for defendant in error: As to Statute of Limitations referred to Act of February 24th 1834, sect. 21, Pamph. L. 76, Purd. 284, pl. 79; McClintock's Appeal, 5 Casey 361; Micheltree *v.* Veach, 7 Casey 455; Man *v.* Warner, 4 Whart. 476; Curcier's Est., 4 Casey 263; Hoch's Appeal, 9 Harris 282. Act of 1834, sect. 24, 34; Act of 1797, *supra:* Penn *v.* Hamilton, 2 Watts 58; Duncan *v.* Clark, 7 Id. 217; Maus *v.* Hummel, 1 Jones 230; Schwartz's Est., 2 Harris 42; Moore *v.* Skelton, Id. 361; Demmy's Appeal, 7 Wright 166

The opinion of the court was delivered, January 3d 1870, by

AGNEW, J.—It was an error to refuse to the administrator the benefit of the plea of the Statute of Limitations. In Man *v.* Warren, 1 Whart. 455, a case most elaborately argued and carefully decided, it was held that the statute applies to claims against the estates of deceased persons, whether payable in the lifetime of the decedent or falling due after his death. The same point was decided expressly in Mitcheltree's Admr. *v.* Veach, 7 Casey 455, and the case of McClintock's Appeal distinguished on the ground that the creditor was there claiming to be paid out of a fund in the Orphans' Court viewed as a trust, to which the debt having attached, the subsequent running of time did not bring it within the bar of the statute. To hold that when an action is brought for a debt against the administrator, the statute cannot be pleaded with effect, is to contradict all those cases in which it has been decided that a debt is not revived by a promise of the administrator to pay it: Fritz *v.* Thomas, 1 Whart. 66; Steel *v.* Steel, 2 Jones 64; Clark *v.* Maguire's Admr., 11 Casey 259. It contravenes also those deciding that the creditors and others interested may intervene and plead the statute: Hoch's Appeal, 9 Harris 280; Ritter's Appeal, 11 Id. 96; Kittera's Estate, 5 Id. 416. In some of these cases the fund was in the Orphans' Court for distribution. How McClintock's Appeal can stand against all these cases I could not myself perceive, and therefore dissented from the judgment of my brethren last winter at Philadelphia, reaffirming it, in its application to the facts in the case of McCandless's Estate, 11 P. F. Smith 9.

[Campbell v. Fleming.]

In McClintock's Appeal, not a cited case appears in the argument of counsel or the opinion of the court. It is counter also to the whole policy of restraining liens against the estates of decedents found in the Act of 24th February 1834, as will be seen in a full summary in the opinion in the case of Trinity Church v. Watson, 14 Wright 528. McClintock's Appeal has been recognised, however, within the narrow field of its facts; and my purpose is not to deny its authority, but to show that its sphere is not to be extended, and to add that we all regard it as inapplicable to a case where an action is brought directly against the administrator.

The very ingenious argument for the defendant in error overlooks the fact that the 4th section of the Act of 1797, substituted in this respect by the 24th section of the Act of 24th February 1834, was not an enlarging, but a restraining act for the purpose of confining the prior unrestricted lien of the debts of a decedent against his estate. It did not create a lien, but limited it to a term of years, now five. Its purpose was to take away the unrestricted lien, in order that estates might be settled in a convenient season: Trinity Church v. Watson, *supra*. The argument overlooks also the fact that the 24th section of the Act of 1834, as well as the 34th, its handmaid, relates only to *real* estate, making no change therefore in the law as to personal estate, the primary fund for the payment of debts. The administrator is the sole representative of this primary fund, and it would present a singular feature, if in an action with notice to the widow and heirs to charge the real estate, a judgment could be obtained against the bar of the Statute of Limitations to bind the real estate, when the personal estate would be relieved by the plea of the statute. The Statute of Limitations was well pleaded therefore in this case, and the court erred in not supporting it. The offers of evidence were partial. The 3d, which is the most perfect, omits the important fact as to how the plaintiff came into possession of the note. But as a whole undoubtedly the defendant was entitled to have the evidence submitted to the jury. The note fell due in February 1859. It had been discounted in the bank, and the proceeds carried to Fleming's credit. The note was not protested and charged to Fleming, showing that it was satisfied in some way. It remained in possession of the cashier who held it after the death of Campbell in 1863 until 1868, when it was handed to the plaintiff by the daughter of the cashier by his direction. During all this time no demand was ever made of Campbell, nor of his administrator, to whose hands an ample estate came. Now while it is possible that Fleming had paid the note to the bank, yet the circumstances were strongly persuasive evidence that it had been paid by Campbell, and ought to have gone to the jury.

Judgment reversed, and a *venire facias de novo* awarded.