## Colwell *versus* Rockwell.

|100  133|
|157  461|

|100    133|
|26 SC 602|

1. In a scire facias against heirs and devisees to continue the lien of a judgment entered against an executor within five years of the decedent's death, the defendants may contest the debt, not the lien.

2. It is no defence in such case, that at the time of decedent's death he had sufficient personal property to pay the judgment.

3. Terre-tenants and devisees may be joined in a scire facias against an executor, to continue the lien of a judgment entered against a decedent in his lifetime. It is the better practice, however, first to obtain judgment against the executor, and then to bring in the devisees and terre-tenants by a subsequent proceeding.

March 14th 1882. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

ERROR to the Court of Common Pleas of *Bradford county:* Of July Term 1881, No. 88.

Scire facias to revive judgment, issued by E. W. Colwell against Niram Rockwell, executor of Elias Rockwell, J. G. Rockwell et al., heirs and devisees of said Elias Rockwell, deceased, and Oren Brown et al., terre-tenants. Plea, payment with leave, &c.

On the trial before CUMMIN, P. J., the following facts appeared :—Elias Rockwell died March 29th 1872, leaving three sons to whom he devised and bequeathed his estate after payment of debts and legacies. He appointed his son Niram Rockwell his executor. The testator left a large personal estate, and also real estate. So far as was known he left no debts. On January 23d 1874, within two years of testator's death, his children and devisees distributed the personal estate and divided the real estate among themselves, exchanging quit-claim deeds. The executor filed no account and took no refunding bonds.

Elias Rockwell prior to his death had purchased from the plaintiff Colwell a tract of land on South Mountain, supposed to contain 200 acres, agreeing that if upon a survey it should be found to overrun 200 acres, he would pay in addition at the rate of $15 an acre for such overplus. This tract was not surveyed until some time after Elias Rockwell's death, when it was found to overrun some 15 acres. The plaintiff thereupon, on March 3d 1875, within three years from the death of Elias Rockwell, brought an action against Niram Rockwell, executor of Elias Rockwell, to recover for said overplus, and recovered an adverse verdict and judgment for $198.75. Pending this suit the executor became insolvent.

On November 15th 1879, the plaintiff issued this sci. fa. to bring in the devisees and terre-tenants and continue the lien of

said judgment. The defendants claimed that there having been ample personal estate in the hands of the executor at the time of testator's death to meet this claim, the plaintiff could not charge the lands of the decedent in their hands, but must pursue the executor, by citing him to file an account, and by attachment cause him to pay the debt.

The plaintiff presented this point : That by the statute of 1834 a creditor has a lien against the real estate of a decedent for a period of five years, and such lien is continued to ten years against said estate by suit brought within five years, which lien is further continued by proper revivals against said estate. Answer. Affirmed. That undoubtedly is the law, but we think that there is a defence in the hands of the heirs to set up that there is personal estate enough to pay the debts. So the real point in this case is whether there was personal property enough belonging to the estate of Elias Rockwell at the time of his death to pay this and all other debts of the estate. If this is true your judgment should be against Niram Rockwell for the amount of the debt and in favor of the other defendahts.

In the general charge the court said, inter alia : " But the main point in the case is whether or not at the time of Elias Rockwell's death there was sufficient personal property to pay all of his debts including this debt, and I instruct you that if you find that there was at the time of Elias Rockwell's death sufficient personal property to pay all his debts and legacies and everything that should come out of the personal property including this debt, then the plaintiff is not entitled to revive this judgment against the heirs and terre-tenant. (Second assignment of error.)

" It was his duty to follow the personal property and make his money out of that. He cannot now go after the men who may have been innocent purchasers of the real estate. He must follow up the personal property and show that that was insufficient to pay the debts. It is a good defence for the heirs and terre-tenants to show that there was suffcient personal property to pay the debts and it is no importance whether it was squandered or wasted or distributed or what became of it. That does not come into the case at all. If it was there it is a full defense and they must go after the executor for his money." (Third assigment of error.)

Verdict for the plaintiff as against Niram Rockwell executor of Elias Rockwell deceased, for $198.75, with costs and interest ; and against the plaintiff and in favor of the heirs and terre-tenants. Judgment was entered on this verdict, whereupon the plaintiff took this writ of error, assigning for error the answer to his point, and the portions of the charge above quoted.

[Colwell v. Rockwell.]

*Williams* and *Angle* (with them *Buffington* and *Shaw & Sechrist*), for the plaintiff in error.—Prior to any acts of legislation upon the subject, a decedent's debts were an indefinite lien upon his real estate, limited only by presumption of payment: Kerper *v.* Hoch, 1 Watts 14; Trevor *v.* Ellenberger, 2 P. & W. 95; Duncan *v.* Clark, 7 Watts 217; Trinity Church *v.* Watson, 14 Wr. 518.

The acts of 1797 and 1834 on this subject are acts of limitation, of quiet and rest—no more. They neither create the lien nor control its extent, but limit it in duration only. The amount of personal property left by the decedent in no way affects or bars the lien: Purdon, page 422, § 88; Sample *v.* Barr, 1 Casey 457; Stewart *v.* Montgomery, 11 H. 410; Sergeant *v.* Ewing, 12 Casey 156; Trinity Church *v.* Watson, 14 Wr. 518.

Applying these principles to our case, how can it be held that Colwell is barred from continuing his lien against the real estate of Elias Rockwell, the decedent? His lien existed and began from the instant of the death of Elias Rockwell and continued unimpeached or unimpaired for five years from Rockwell's death. It extended over and covered all his lands, without regard to the amount of his personal property or debts, or as to whether it would or would not pay up in full.

The bringing suit against the executor extended his lien ten years from his death or until March 29th 1882, a time not yet elapsed, and the lien may still be continued by proper revivals: Troubat & Haley Prac. 5th ed. § 2102; Corrigan's Estate, 1 Norr. 495.

The question now is the continuation of the lien, and is not of collection. When the question of collection of the debt comes up the court can control the process resorted to.

*Delos Rockwell* (with him *E. B. Parsons* and *J. W. Stone*), for the defendants in error.—The personal estate of a decedent is the primary fund for the payment of his debts; an executor has nothing to do with real estate unless the personalty proves insufficient. In Hanna's Appeal, 7 Casey 57, Lewis, Ch. J., says: " Where assets are received by the executor sufficient to cover the expenses of administration, satisfy debts and pay legacies, the real estate is discharged from further liability . . . The real estate charged is liable on a deficiency of assets, but not from the misapplication waste or insolvence of the executor." Keyzey's Case, 9 S. & R. 73. Why allow the plaintiff to proceed and revive his judgment against these defendants when he would not be allowed to sell on it? It is not the policy of the law to allow a party to do that from which he cannot hope to derive any benefit or profit. In this case, all he can do is to revive his judgment. Hanna's Appeal, supra.

Mr. Justice PAXSON delivered the opinion of the court March 27th 1882.

This was a scire facias against the executor of Elias Rockwell, deceased, with notice to the heirs, devisees and terre-tenants, to continue the statutory lien of the judgment. Elias Rockwell died March 27th 1872. The plaintiff brought suit against his executor on March 3d 1875, and recovered a judgment against the estate. The scire facias to revive and continue the lien thereof issued November 15th 1879.

The only question that requires discussion is sufficiently presented by the second assignment of error wherein it is stated that the learned Judge instructed the jury as follows: " But the main point in the case is whether or not at the time of Elias Rockwell's death there was sufficient personal property to pay all of his debts including this debt, and I instruct you that if you find that there was at the time of Elias Rockwell's death sufficient personal property to pay all his debts and legacies and everything that should come out of the personal property, including this debt, then the plaintiff is not entitled to revive this judgment against the heirs and terre-tenants."

The 24th section of the Act of 24th of February 1834, P. L. 77, which provides that " no debts of a decedent except they be secured by mortgage or judgment, shall remain a lien on the real estate of such decedent longer than five years after the decease of such debtor unless an action for the recovery thereof be commenced," &c., did not create a lien. The effect of the Act was to limit a lien already in existence. Prior to the legislation upon this subject, a decedent's debts were an indefinite lien upon his real estate. The Act of 1834 as well as the prior Act of 1797 is an Act of limitation and repose: Kerper *v.* Hoch, 1 Watts 9 ; Duncan *v.* Clark, 7 Ibid. 217 ; Trinity Church *v.* Watson, 14 Wright 518. The question of lien has no relation to the amount of the personal estate: Sample *v.* Barr, 1 Casey 457; Sergeant *v.* Ewing, 12 Casey 156 ; Stewart *v.* Montgomery, 11 Harris 410.

The learned judge of the court below evidently misapprehended the nature of this proceeding. When the heirs and devisees are brought in they may contest the debt, not the lien. Sample *v.* Barr, supra. It would have been competent to have joined the devisees and terre-tenants in the original suit against the executor, and this practice is sometimes followed. In such case it is too clear for argument they could only to be heard to contest the debt. The rule is in no wise different, where, as here, the better practice is pursued, and the devisees and terre-tenants are brought in by a subsequent proceeding. It was said by Knox J. in Stewart *v.* Montgomery : " Whether there was sufficient personal estate to pay the judgment was

[Pottsville Mut. Fire Ins. Co. *v.* Minnequa Springs Imp., to use, &c.]

wholly immaterial in this proceeding. The creditor had the legal right to charge the real estate, by making the devisee a party before the personal estate is finally settled. The fund to be resorted to for the ultimate payment of the judgment is at all times under the control of the court."

So we say here. The plaintiff is entitled to have his lien continued. Out of what particular fund his judgment shall be paid is a question that is not before us and is not decided.

The judgment is reversed as to the heirs, devisees and terre-tenants and a venire facias de novo awarded as to them.