# Estate of John Mustin, Deceased. Appeal of Ida C. Lloyd, Executrix and Trustee of John Mustin, Deceased.

*Will—Conversion—Lien of decedent's debts.*

Where a will treats real and personal estate as a blended fund, out of which legacies are to be paid to an amount which may exhaust the fund, the will works a conversion of the real estate, complete at the death of testator, from which moment the whole fund becomes assets for the payment of debts, and freed as to any part of it from the operation of the act relating to the lien of decedent's debts.

A will making a specific bequest, followed by a legacy of $3,000, and then giving the residue of realty and personalty in trust, after a life estate, to pay a legacy of $10,000, to set aside the sum of $120,000, and eventually to pay it, in three separate amounts of $40,000, absolutely, and in trust, if a balance still remains, to pay legacies of $8,000, and then, in case there be more,·to pay $2,000 to a charity, and to divide and pay over any final balance in three equal parts, works a conversion of the real estate.

Argued Jan. 10, 1900. Appeal, No. 226, Jan. T., 1899, by Ida C. Lloyd, from decree of O. C. Phila. Co., Jan. T., 1893, No. 180, on petition for citation. Before GREEN, C. J., Mc-COLLUM, MITCHELL, DEAN, FELL, BROWN and MESTRE-ZAT, JJ. Affirmed.

Petition for citation.

From the record it appeared that the Mechanics' National Bank of Philadelphia filed a petition as a creditor of the estate of John Mustin, deceased, to the amount of $20,549.14, praying that the court should order and decree that the executors of the deceased should mortgage or sell the real estate of decedent in order to pay the petitioner's claim.

The petition was based upon the theory that under the will of the testator there was a conversion of the real estate into money.

ASHMAN, J., filed the following opinion:

On the question of the character of. the estate in the hands of the accountants, as realty or personalty, depends the effectiveness of the order to pay and of the present petition to sell or mortgage. If the property is real estate, it is free by lapse of time from the lien of the debts set out in the petition, and it may not be sold or mortgaged at the instance of creditors. If it is personal estate, it is assets for the payment of debts of the decedent. That it has been hitherto treated as real estate by the parties and even by the court in the disposition made of the rents is not conclusive, because the question of conversion is now raised for the first time. The will must therefore be resorted to, and its provisions, we think, cannot be reconciled with the absence of an intent on the part of the testator to distribute his estate as money and not as land. It begins with a specific bequest of personal effects, followed by a legacy of

$3,000, and it gives the residue of realty and personalty, in trust after life estate in the wife, to pay a legacy of $10,000, to set aside the sum of $120,000, and eventually to pay it in three separate amounts of $40,000 absolutely, and in trust, if a balance should still remain, to pay additional pecuniary legacies aggregating $8,000. In case the estate should not then be exhausted, the trustee was directed to pay to a charity $2,000, and to divide and pay over any final balance in three equal parts. Both at the time of the execution of his will and at the time of his death, the testator's personal property was inadequate to pay these gifts; but we concede that this fact was not conclusive, because his estimate of its value may have been an exaggerated one. We read his intent in his testamentary language. He treats his real and personal estate as a blended fund, out of which legacies to the amount which he evidently thinks may exhaust the fund are to be paid. If any balance after their payment shall, however, remain, he directs the payment of additional bequests, and if there should still remain a balance, he provides a sum for a charity; and he finally directs that if these original and added gifts shall not have disposed of the residue, what may remain of his estate shall be paid over to three distributees. A man may, it is admitted, make a good devise of real estate by a simple direction to pay it over; but when he masses his realty and personalty in a common fund, and directs that the balances which may remain after payment made of successive gifts of money shall also be paid over, the inference is almost irresistible that the final payment is to be of the same character as those which preceded it. In Marshall's Estate, 147 Pa. 77, a conversion was implied from a residuary gift of real and personal estate to executors as trustees for children, and where the interest of a child dying without issue was to be distributed among the survivors or the heirs of deceased children. Our conclusion is that the will worked a conversion; that the conversion was complete at the death of the testator, and that from that moment the whole fund was assets for the payment of debts, and freed as to any part of it from the operation of the act relating to the lien of decedent's debts: McWilliams's Appeal, 117 Pa. 111.

The prayer of the petition is granted; counsel will draw the decree.

The court entered a decree in accordance with the petition.

*Error assigned* was the decree of the court.

*Bernard Gilpin,* for appellant.—The will did not work a conversion: Darlington v. Darlington, 160 Pa. 65; Hunt's App., 105 Pa. 128; Taylor v. Haskell, 178 Pa. 106; Seeds v. Burk, 181 Pa. 281; Irwin v. Patchen, 164 Pa. 51; Perot's App., 102 Pa. 235.

*George P. Rich,* of *Rich & Boyer,* and *John G. Johnson,* for appellee, cited Marshall's Est., 147 Pa. 77, Dundas's App., 64 Pa. 325, and Potts v. Breneman, 182 Pa. 295.

PER CURIAM, January 29, 1900:

We think the reasons expressed in the opinion of the learned court below are a sufficient vindication of the conclusion reached and we therefore affirm the decree on the opinion.

Decree affirmed and appeal dismissed at the cost of the appellant.