# Myers, Appellant, v. Lohr.

*Constitutional law—Decedents' estates—Lien of debts—Act of June 7, 1917, P. L. 447 (Fiduciaries Act).*

The Act of June 7, 1917, P. L. 447, Section 15, Clause (a) (Fiduciaries Act), is constitutional, in so far as it provides that no debts, etc., of a decedent shall remain a lien on his real estate any longer than one year after the decease of such debtor, unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent. Nor does the provision contained in said act—clause. (c)—which declares the foregoing provision to be retroactive render the act unconstitutional.

The term ex post facto, as used in the Constitution of the United States and of this State, is limited to penal statutes, and the Fiduciaries Act of 1917, does not come within that category.

Retroactive laws are not in violation of the Constitution which do not work an impairment of contracts, and which affect remedies of procedure only.

Argued May 8, 1919. Appeal, No. 104, April T., 1919, by plaintiff, from judgment of C. P. Allegheny Co., Oct. T., 1919, No. 252, in case of Sarah Myers v. Alexander C. Lohr, Deceased, in the Hands of Fidelity Title & Trust Company, Executor of the Estate of Alexander C. Lohr, Deceased, and the Fidelity Title & Trust Company, Executor of the Estate of Alexander C. Lohr, Deceased. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Modified and affirmed.

Assumpsit on promissory note. Before CARNAHAN, J.

From the record it appeared that the plaintiff brought an action of assumpsit on a promissory note against Alexander C. Lohr, deceased, and Fidelity Title & Trust Company, his executor, with directions to the prothonotary to index the suit in the judgment index so as to become a lien against the real estate of decedent. Alexander C. Lohr died February 26, 1917, the suit being entered about one year and five months after the death

of the decedent. The Fidelity Title & Trust Company, as executor, filed an affidavit of defense admitting the truth of the plaintiff's averments in the statement of claim, but asking that the suit should be dismissed for the reason that the Fiduciaries Act of June 7, 1917, P. L. 477, provides that the lien of the debts of a decedent shall be for one year, and that clause (a) is by clause (c) made retroactive, and that the plaintiff's suit being brought more than one year after decedent's death was without authority of law. The plaintiff, in turn, averred that this section of the Fiduciaries Act worked an impairment of contracts and disturbed vested rights and was, therefore, unconstitutional. The court held this section of the act to be constitutional and ordered that the suit be dismissed. Plaintiff appealed.

*Error assigned* was the order of the court.

*William A. Jordan,* for appellant.—The Fiduciaries Act of June 7, 1917, P. L. 447, Section 15, Clauses (a) and (c), in so far as the retroactive clause is concerned, is unconstitutional and void: Neff's Appeal, 21 Pa. 243; Fisher v. Farley, 23 Pa. 501; Becker's Appeal, 27 Pa. 52; Taylor v. Mitchell, 57 Pa. 209; Shonk v. Brown, 61 Pa. 320; Hartle v. Long, 5 Pa. 491; Sutton v. Clark, 7 W. N. C. 437; Hepburn v. Curts, 7 Watts 300; Calder v. Bull, 3 Dallas 386.

*J. M. Shields,* for appellee.

OPINION BY KELLER, J., July 17, 1919:

Clause (a) of Section 15 of the Fiduciaries Act of 1917 (June 7, 1917, P. L. 447), provides that no debts, etc., of a decedent shall remain a lien on his real estate longer than one year after the decease of such debtor unless within said period an action for the recovery thereof be brought against the executor or administrator of such decedent. The question involved in this appeal is wheth-

er clause (c) of said section, which declares the foregoing provision to be retroactive is unconstitutional. There can be no doubt of the intention of the legislature to make it retroactive, for it specifically declares: "The provisions of clause (a) of this section shall be retroactive: Provided, however, That in case of any bond, covenant, debt or demand that would be sooner barred, an action for the recovery thereof may be commenced within one year after the passage of this act, in manner as provided in clause (a) of this section." We are, therefore, not concerned with decisions of the courts based upon acts which were held not to show a clear intent on the part of the legislature to make their provisions retrospective. Here the purpose is unmistakable; it is the power of the legislature to enact such a provision which is questioned.

The appellant contends that it is violative of Article I, Section 17, of the Constitution, which provides: "No ex post facto law, nor any law impairing the obligation of contracts......shall be passed." The term, ex post facto, as used in the Constitution of the United States and of this State is limited to penal statutes, and may be defined as one which imposes a punishment for an act which was not punishable when it was committed, imposes additional punishment or changes the rules of evidence by which less or different testimony is sufficient to convict: 8 Cyc. 1027; Calder v. Bull, 3 Dallas 386, p. 390. Clearly the Fiduciaries Act of 1917 is not an ex post facto law in respect to clause (c) aforesaid. Does it impair the obligation of contracts? If not, it is not prohibited by the Constitution: Gault's App., 33 Pa. 94.

It is not contended that the decedent entered into any contract with the appellant that his debt to her should be a lien on his real estate for any specified period after his death. She lent him one thousand dollars on July 19, 1915, and took his simple promissory note therefor, dated the same day and payable one year thereafter. The fact that upon his death this debt became a lien on his real estate, was due to the provisions of an early statute of

Pennsylvania, which thus gave her a means of recovering the debt owing her by said decedent; but it transferred to her no right of property; a lien is not a title to a thing, but a right to present a claim against it and demand payment out of it: Taylor v. Carryl, 24 Pa. 259, p. 266. The real estate of the decedent descended to his heirs or passed to the devisee under his will, and if she took no steps, as a creditor, to enforce her remedy for the collection of her claim until after the period limited by statute, the land was discharged of liability and the heir or devisee held it free and clear thereof.

At the time of the establishment of proprietary government in Pennsylvania, by the law of England, lands of a decedent were not assets for the payment of his debts, but early in the history of the province laws were enacted here subjecting all lands of debtors to sale on judgment and execution against them, their heirs, executors and administrators: Act of 1700, 1 Sm. L. 7; Act of 1705, 1 Sm. L. 57; and following this legislation it was held that the lands of a deceased person were liable to be taken in execution for his debts in the hands of the heir or devisee, or of a purchaser from them, and that this liability extended without limit of time: Graff v. Smith, 1 Dallas 484; Lessee of Morris v. Smith, 1 Yeates 238. Recognizing the inconveniences that arose from such secret and unlimited claims or liens, the legislature enacted in 1794 (as supplemented in 1797), that no such debts, except they were secured by mortgage, judgment, etc., should remain a lien on said lands and tenements longer than seven years after the decease of such debtor, unless an action for the recovery thereof was commenced and duly prosecuted against his or her heirs, executors or administrators within the said period of seven years, etc., with other provisions not here material: Acts of April 19, 1794, 3 Sm. L. 143; and April 4, 1797, 3 Sm. L. 296. These acts were followed by others which contained additional provisions not necessary to be referred to here, and reduced the time within which actions had to be

476 MYERS, Appellant, *v.* LOHR.

brought; to five years: Act of February 24, 1834, P. L. 70; to two years: Acts of June 8, 1893, P. L. 392; June 14, 1901, P. L. 562; and May 3, 1909, P. L. 386; to one year: Act of June 7, 1917, supra.

Strictly speaking, the Acts of 1700 and 1705 had not created the unsecured debts of a decedent "liens" against his real estate; their effect was to make his real estate, in the hands of his heirs, devisees, or purchasers from them, assets for the payment of his debts, the same as personal property in the hands of his executors or administrators: Spear v. Hannum, 1 Yeates 380; Hannum v. Spear, 1 Yeates 553; and the object of the Acts of 1794 and 1797 and the subsequent legislation along the same lines was to limit the time within which such debts might be enforced against the lands of the deceased debtor; and though in all these acts, and in the decisions construing them, the term "lien" is used, the operation and effect of the Acts of 1700 and 1705 on the debts of a decedent with respect to his real estate were not changed so as to create such debts liens in the same sense that mortgages and judgments are liens, for a decedent may by a testamentary direction to sell his lands for the payment of his debts, relieve the land from the "lien" of his general debts, which he cannot do as to liens of record, and the unsecured creditors are remitted to the fund realized from such sale: Hannum v. Spear, 1 Yeates 553; Cadbury v. Duval, 10 Pa. 265; Seeds v. Burk, 181 Pa. 281; and the effect is the same whenever there is an absolute conversion of real estate under the will: Mustin's Est., 194 Pa. 437.

Construing these various acts, therefore, it has been decided that they do not create a lien, nor control its extent, but limit it in duration only; in other words, they are statutes of limitation and repose: Colwell v. Rockwell, 100 Pa. 133; Chapman's App., 122 Pa. 331, p. 341; Campbell v. Fleming, 63 Pa. 242.

Retrospective laws which affect remedies and procedure only, are not in violation of our Constitution: Kille

v. Reading Iron Works, 134 Pa. 225; or which limit or extend the time of such remedies: Commonwealth v. Duffy, 96 Pa. 506. The legislature may lawfully extend the period within which prosecution for a crime may be begun, and make it apply to offenses already committed: Commonwealth v. Duffy, supra; it may extend the time during which an owner of real estate may redeem land sold for taxes and make it effect a levari facias issued before the act was passed: Gault's App., 33 Pa. 94; it may declare that an uncontested probate of a will devising real estate shall be conclusive on all persons after five years and make it applicable to wills proved before such enactment: Kenyon v. Stewart, 44 Pa. 179. In Miller v. Commonwealth, 5 W. & S. 488, it was said that the legislature may alter the period of limitation of the lien of a judgment then existing, but it will be so construed only when such an intention is clearly expressed. So a limitation as to the time within which ejectment must be brought may be changed and made to apply to pending disputes: Waters v. Bates, 44 Pa. 473; and the Act of April 27, 1855, P. L. 369, relating to ground rents was held not to be unconstitutional with respect to existing ground rents, since it merely operated to deprive their owners of a remedy for their collection, after twenty-one years, by raising a conclusive presumption of release or extinguishment: Clay v. Iseminger, 187 Pa. 108. As was pointed out by Mr. Justice WOODWARD in Kenyon v. Stewart, supra, statutes of limitation or repose are to be construed liberally and retroactive provisions contained in them will be upheld if a reasonable time is given the parties affected to pursue their remedy. The decisions upon the previous acts relating to this subject give us no light for they were all prospective in operation: Benner v. Phillips, 9 W. & S. 13; Brubaker's Est., 59 Pa. Superior Ct. 109.

On full consideration, we are of opinion that the clause of the Act of 1917 in question did not impair the obligation of any contract between the appellant and the de-

cedent, and is, therefore, constitutional. The act did not take away from the plaintiff at the time of its approval any vested right; she was not deprived of her right to pursue her remedy; on the contrary, it was specifically preserved; the legislature simply limited the time within which she could assert her claim against the decedent's real estate, but did not deprive her of the claim itself. There can be no question as to the reasonableness of the time allowed her, for she was given the same time to bring her suit that is granted to creditors of persons dying since the passage of the act. For a whole year thereafter the appellant might have preserved her claim and the right to enforce payment out of the decedent's real estate, but having done nothing during that period she is barred by her own inaction from looking to that fund or security for payment of her debt. The outcome is unfortunate but it is the result of her sleeping on her rights.

The præcipe for the indexing of the action in the judgment index, in accordance with the provisions of clause (d) of the same section, showed that the decedent had died over a year before the suit was brought. It was, therefore, irregular on its face and furnished no legal warrant for the entry in the judgment index, and the court below was justified in ordering such entry to be stricken from the records.

The appellant, however, had the right to bring her action against the executor of the decedent, and to prosecute the same to judgment, irrespective of the Act of 1917. Any judgment obtained therein would not be a lien on the decedent's real estate, but would be entitled to share in the distribution of any personalty that might come into the executor's hands. The court, therefore, went too far in ordering the action to be dismissed. The mistake was, no doubt, inadvertent and would have been corrected if the matter had been called to the court's attention. We know of no warrant, however, for joining the deceased person as a codefendant with the executor in such action. Even under the

Act of 1917, the action is to be brought against the executor or administrator, but indexed against the decedent, and his legal representatives. We will consider the caption of the suit to have been so amended. The decree is accordingly modified so as to strike off only the lien or entry in the judgment index. Costs to be paid by appellant.