## Contracts of Beneficial Societies.

SAYLOR, Dep. Att'y-Gen., March 6, 1930.—We have your request for an opinion as to the application of the Act of April 26, 1929, P. L. 805, to the contracts of beneficial societies entered into prior to its passage, both with respect to the amount of death and benefit payments made thereunder and to the amount of reserves to be set up under the provisions of the act.

Section 1 of the act provides that beneficial societies may enter into contracts for the payment of money or benefits not exceeding $10 per week in the event of sickness, accident or disability, and not exceeding $250 in the event of death, and section 2 says it "shall be unlawful" to contract for or to pay any sums in excess of those amounts.

Section 3 of the act provides that "any such corporation shall maintain reserves on the life portion contained in all policies or contracts issued, based

upon a standard table of mortality, with interest at three and one-half (3½) per cent. per annum, approved by the Insurance Commissioner of this Commonwealth; and on the disability portion contained in all policies or contracts issued, of fifty (50) per cent. of the actual weekly, monthly or annual premiums or payments in force; and shall also maintain full reserves for all definite and outstanding claims."

Section 4 provides penalties for violation of the act consisting of fines from $100 to $500 for each contract entered into or payment made in violation thereof.

The question arises as to whether or not the effect of this act is retroactive. There is nothing in its phraseology which indicates that it is to be retroactive, and for this reason it must be considered as active only in the future. This is the general interpretation of laws by the courts.

In Dewart v. Purdy, 29 Pa. 113 (1858), the court, speaking through Woodward, J., stated as follows: "Retroactive legislation is not necessarily unconstitutional; but unless it be remedial, it is uncongenial to our institutions, and hazardous to private rights. Nothing short of the most indubitable phraseology is to convince us that the Legislature meant their enactment to have any other than a prospective operation; and when they fix a future day for it to take effect, they stamped its prospective character on its face. . . ."

This is repeated in Com. v. Danville Bessemer Co., 207 Pa. 302 (1904), which, like the above case, is cited in Investors Realty Co. v. City of Harrisburg, 82 Pa. Superior Ct. 26 (1923), where, in the dissenting opinion written by Judge Linn, it was stated (page 42) : ". . . 'There is no canon of construction better settled than this, that a statute shall always be interpreted so as to operate prospectively and not retrospectively, unless the language is so clear as to preclude all question as to the intention of the Legislature: . . .' " Citing Neff's Appeal, 9 Harris, 243.

In Wolpert v. Knights of Birmingham, 2 Pa. Superior Ct. 564 (1896), and Schoales v. Order of Sparta, 206 Pa. 11 (1903), the Act of April 6, 1893, P. L. 7, was interpreted as being prospective in its operation. It was held that its provisions limiting the payment of death benefits by beneficial societies to certain relatives or persons dependent upon the member could not affect the rights of holders of certificates issued prior to that time. In the former case, the court said: "The language of this statute is too plainly prospective in its operation to admit of any doubt."

Even though it could be properly determined that the Act of 1929 was intended by the Legislature to have a retroactive effect, it could not be so interpreted if its effect were to result in an impairment of contracts: Myers v. Lohr, 72 Pa. Superior Ct. 472 (1919).

Where an act in being retroactive effects an impairment of contracts, it is unconstitutional, in that it violates article I, section 10, of the Federal Constitution, and article I, section 17, of the Constitution of the Commonwealth of 1873.

Were the Act of 1929 to be interpreted to mean that on contracts written prior to the date of its passage beneficial societies could not pay any amount in excess of $10 per week benefits or $250 in the event of death, it would be unconstitutional. For the same reason, if its interpretation were to carry with it the setting up of reserves under the Act of 1929 on contracts written prior to its passage, it would likewise be unconstitutional as having the same effect of impairing the obligation of contracts. It would do this for the reason that thereby it would cause a change in the method of setting up reserves, a different allocation of portions of the assets of the beneficial

society to purposes other than those theretofore existing, and, in all probability, a diminution of the benefits to which holders of such contracts had theretofore been entitled.

You are, therefore, advised that the Act of April 26, 1929, P. L. 805, is applicable only to contracts entered into by beneficial societies subsequent to its passage.

From C. P. Addams, Harrisburg, Pa.