## Ridge-Allen Building & Loan Association v. Leshefko

*Aubrey, Friedman & Senger,* for plaintiff.

*D. M. Garrahan* and *Butz & Rupp,* for defendant.

HENNINGER, J., December 9, 1935.—Plaintiff, holding a bond and mortgage given by a former owner upon premises now owned by defendant, and holding a bond of defendant, entered judgment upon the latter bond and issued an attachment execution upon the same to attach defendant's balance with the garnishee. While defendant is in default in payment of interest, dues and premium upon the mortgage debt, no steps have been taken to foreclose the mortgage.

Defendant has moved to quash the writ of attachment execution as premature under the Deficiency Judgment Act of July 1, 1935, P. L. 503, to which plaintiff replies that the act is unconstitutional, and furthermore does not apply to defendant.

Paragraph 6 of defendant's petition avers, and the corresponding paragraph of plaintiff's answer admits, that the bond upon which this judgment was entered was

given as collateral security for the mortgage debt. Clearly then defendant comes within the ·class of those who are intended to be protected by the Deficiency Judgment Act—"where . . . any other obligation securing or guaranteeing the payment thereof," and he is protected as to his personalty as well as to real property, as the act provides that the real estate bound by the mortgage shall be sold before any other real property of the mortgage debtor may be attached, and "before any property, real or personal, of any such other person may be sold for the debt secured by such bond and mortgage."

We note also that by section 12 of the Deficiency Judgment Act its provisions are severable and that the unconstitutionality of one section shall not affect others. The act provides for two things: (1) A stay of execution as to other property until the mortgaged premises have been sold, and (2) compelling the mortgagee to credit on the mortgage debt the value of the mortgaged premises as fixed by the court rather than as determined by the price bid at a sheriff's sale. We are presently considering only the first provision. If that is constitutional, we are not concerned with the constitutionality of the other remedy.

A law providing for a stay of proceedings is valid and constitutional provided the period of stay is definite and reasonable, and such a law, if constitutional, applies to and does not impair the obligation of existing contracts, provided the parties have not contracted as to the subject matter covered by the legislation: Breitenbach v. Bush, 44 Pa. 313; Myers v. Lohr, 72 Pa. Superior Ct. 472; Connelly et al. v. Marine Manufacturing & Supply Co., 22 D. & C. 80.

Testing our situation by these cases, while the period of stay is not definitely fixed in terms of months or years, control of the period is placed in the hands of the mortgagee, who may foreclose when he sees fit and immediately institute the proceedings under section 2 of said act. The time necessary for such proceedings would certainly be considered reasonable. The first section of

706

the Deficiency Judgment Act of 1935 is, therefore, constitutional as a reasonable remedial act.

An inspection of the bond upon which judgment was entered shows a waiver of inquisition and of all laws exempting real or personal property from levy and sale on execution. Assuming that an act affecting inquisition and exemption would be invalid as to this contract, we note that there is no provision in the Deficiency Judgment Act of 1935 exempting personalty from levy or sale if the judgment remains unsatisfied, and that the first section of the act deals with a subject concerning which the parties have not contracted, namely, the time when and the order in which the plaintiff may pursue his remedies. It does not, therefore, deprive plaintiff of any of the rights concerning which it has contracted with defendant.

That the act is based upon a sound principle cannot be denied. It protects the landowner from losing both the land and what little personal property he may have, if the land alone is sufficient, and at the same time it protects the mortgagee if the land is insufficient. It faces the facts as they exist today and then expires by its own terms when the time arrives when mortgages again become liquid and a diligent landowner can refinance upon demand.

Now, December 9, 1935, the rule to quash the writ of attachment execution is made absolute at the costs of the plaintiff. From Edwin L. Kohler, Allentown.