## Zolack v. State Workmen's Insurance Fund et al.

*D. Edward Chaplin, Peter P. Jurchak* and *Geo. S. Dluzansky,* for plaintiff.

*Ralph H. Behney,* for defendant.

CHASE, J., Oct. 22, 1930.—This issue is before the court on an appeal from the findings of the referee as to the facts, and the judgment rendered by the said referee and affirmed by the Workmen's Compensation Board, the exceptions being set forth as follows:

1. The findings of the Workmen's Compensation Board are not supported by sufficient competent evidence.

2. The board erred as a matter of law in affirming the award of the referee.

3. The board erred as a matter of law in its interpretation of the Act of Assembly of April 13, 1927, P. L. 186, being an amendment to the Workmen's Compensation Act of 1915.

4. The board erred in failing to find and hold that the claimant's petition for compensation was barred under the provisions of the amendatory Act of April 13, 1927, P. L. 186.

As to the first exception there need be no discussion, an examination of the testimony clearly disclosing there was ample testimony on which the referee could make his findings of fact, as he so found.

As to the second, third and fourth exceptions these exceptions involve but one question, whether or not the provisions of the amendatory Act of April 13, 1927, P. L. 186, apply to the findings of fact so that this action could not be sustained because it was not brought within the period of time as provided by this amendatory act.

The records show that this compensation claim resulted from an injury while the claimant was employed by the Bulah Shaft Coal Company, whereby, on Feb. 19, 1927, an agreement for payment of compensation to the claimant was approved; that on May 24, 1927, a petition for termination was filed by the defendant; on May 28th, notice of petition; May 28th, assignment of petition to Referee Snyder; June 1st, an answer filed; June 16th, hearing before the referee at Philipsburg; June 20th, order of referee modifying agreement; Jan. 7, 1928, petition for review filed by claimant; Jan. 10th, notice of same; Jan. 16th, answer filed; Feb. 7th, hearing before Referee Snyder; Feb. 28th, order of referee dismissing petition for review; March 12th, appeal filed; May 4th, opinion of board affirming disallowance; Sept. 7th, petition for reinstatement filed; Oct. 4th, order of referee dismissing petition for reinstatement; Oct. 9th, appeal to the board from order; Dec. 13th, board dismissed petition, affirming referee; Jan. 17, 1929, appeal to the Court of Common Pleas of Clearfield County; May 28th, the Common Pleas Court reversed the board and directed it to proceed in accordance with the findings of the court.

The court reversed the board on the interpretation of the amendatory Act of 1927, which act is before the court on this appeal for construction, on the ground that, although the act was procedural in its nature, the act was not retroactive and could not be treated as such in so far as it would affect injuries caused prior to·its passage. The conclusions of law reached by the court at that time, which caused this subject to be sent back to the referee to take testimony and determine whether the facts warranted the granting of the petition and compensation, have since been determined by the Superior Court, in the case of De Joseph v. Standard Steel Car Co. et al, 99 Pa. Superior Ct. 497, and in the case of Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, wherein the Superior Court states: "Section 413 of the Act of June 26, 1919, P. L. 661, as amended by the Act of 1927 [P. L. 186] refers to two distinct classes of cases, for the review, modification, etc., of compensation agreement, viz: (1) where the agreement was procured by fraud, coercion or other improper conduct of a party or was founded on a mistake of law or of fact; (2) upon proof that the disability of an injured employee has increased, decreased recurred or has temporarily or finally ceased, or that the status of any dependent has changed." It was stated further: "The second class relates to changes that have occurred in the employe's physical condition since the compensation agreement was entered into or terminated; the first class does not." And, further, that the amendatory Act of 1927, under discussion, relates only to the second class and has no effect on applications based on fraud, coercion, mistake, etc., of law or fact embraced within the first class.

With that statement of the effect of the Act of 1927 the court, in the instant proceeding, must determine whether the facts fall within the first class, as above referred to, wherein the amendatory Act of 1927 does not apply or to the second class of cases wherein the Act of 1927 has application and would

prevent the filing of the application herein because of not being brought within the time required by the said amendment of 1927. The record discloses that Dr. W. S. Brian, witness for the complainant, and the doctor to whom the claimant herein went for treatment, in reply to the question "What was his diagnosis when he treated the claimant in January, 1927?" answered: "Well, at that time I rather thought it was a simple sprain, and when it did not give way to the ordinary treatment I changed my mind about it." And, further: "Q. Did you make any report to a representative of the State Workmen's Insurance Fund that the claimant was able to return to work before 1927? A. I may have."

It does not appear in this testimony whether the doctor changed his mind as to the nature of the injury, but it was indicated that Dr. Brian didn't reach the conclusions as to the extent of the injury that he now has until he made an examination on Oct. 7, 1929. On page 3 of the testimony, speaking of an examination made on that date, in reply to the question as to what he found at that time, after narrating his findings, the doctor stated: "My diagnosis is a portion of internal semi-lunar cartilege." The doctor also testified that he and Dr. Yount, of Pittsburgh, made a diagnosis and that he and Dr. Yount substantially agreed as to the trouble. Dr. Brian testified, page 7, that ordinarily a condition such as he had found in this man's injured knee in 1927 would take about six weeks, at the outside, to heal. Dr. R. S. Magee, witness for the defendant, testified that he examined the claimant on June 13, 1927, Nov. 29, 1927, Feb. 11, 1928, and at the time of the last hearing, Oct. 29, 1929. In answer to a question: "What were the findings of your original examination, doctor?" the doctor said in part, after describing what he found, "We didn't consider it was a dislocated semi-lunar cartilege from the fact that the knee didn't lock, which in our experience usually happens if anything comes between the head of the femur and tibia."

Dr. James O. Wallace, who both the counsel for the claimant and appellant state is an outstanding doctor as to injuries of this character under discussion, made an examination on Oct. 24, 1929, and gave a statement of his examination, what he found, and the history of the case. He testified, page 19, in answer to the question, "Your diagnosis of this case is a rupture of the internal semi-lunar cartilege?" A. "Yes, and further, that it was due to the injury, etc." With this evidence before us, it seems clear that this particular case falls under the class to which the Superior Court has said the amendment of 1927 has no application. It cannot be seriously disputed that Dr. Brian's and Dr. Magee's conclusions as to the extent of the injury was a mistake; that the conclusion as to the nature of the injury, and the one which has been adopted as the fact by the referee, as to the extent of the original injury, is of a much more serious nature and consequences than was determined by said doctors; that the condition of the claimant is not an aggravation of an injury found to exist, as diagnosed by these doctors, so that the evidence, or finding of fact from the evidence, which, as we have said, has ample testimony to sustain it, brings this case, as we view it, squarely under the exceptions to which the amendatory Act of 1927 has no application. The claimant's petition for reinstatement was on the grounds that it was an aggravation; while, of course, if the evidence discloses that the claimant's condition was the result of an aggravation the claim would be barred by the amendment, the facts disclosing that it was not an aggravation but a condition due to the original injury or the natural ordinary result of the original injury, as discovered subsequently, and there being no way of the claimant determining this fact except by those skilled in determining the extent of injuries, the petition should not be dismissed on account of the form, the

courts having repeatedly held that the technical rules of common-law pleading do not apply to proceedings of this nature, and that the main purpose of the law is to have such controversies determined upon the facts and not by technical pleadings. See Gairt *v.* Curry Coal Mining Co., 272 Pa. 494; Davis *v.* Davis, 80 Pa. Superior Ct. 343. Therefore, the court will make the following order:

Now, Oct. 22, 1930, this appeal from the findings of fact, conclusions of law, and award as made by the referee and affirmed by the Compensation Board, is dismissed, at the cost of the petitioner, and the award as made by the referee and affirmed by the Compensation Board is hereby affirmed; judgment to be entered upon the award upon the attorney for the claimant presenting a motion in proper form for the amount of the award.

From John M. Urey, Clearfield, Pa.