## JOHN T. KILLE v. READING IRON WORKS.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued April 9, 1890—Decided April 14, 1890.
[To be reported.]

1. Under the act of May 4, 1889, P. L. 80, supplementary to the reference act of May 14, 1874, P. L. 166, an appeal does not lie from the award or judgment of the referee, until after the final judgment of the court upon exceptions filed with the referee.
2. Said act of 1889, affecting merely the mode of procedure in a cause, and not the rights of the parties thereto, is retroactive and applicable to litigation which was pending before a referee at the time of the passage of the act.

Before PAXSON, C. J., STERRETT, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 225 January Term 1890, Sup. Ct.; court below, Nos. 193, 194 September Term 1886, C. P. No. 4.

On November 15, 1887, certain actions of covenant brought in 1886 by John T. Kille against the Reading Iron Works were by writing filed referred to *Mr. George Tucker Bispham*, as referee, under the act of May 14, 1874, P. L. 166, and the same day the referee's acceptance and oath were duly filed.

The last of the docket entries, printed in the paper-book, showed that on November 19, 1889, the referee's report, awarding to the plaintiff the sum of $26,835.61, was filed; that, on the same day, "defendant's exceptions and overruling of same filed;" and that on November 20, 1889, "proof of notice of prothonotary, on November 19, 1889, of filing of referee's report and exceptions, filed." Certain exceptions to the referee's report were printed in the paper-books, but there was nothing to show that they had been passed upon either by the referee or by the court below. The defendant having taken an appeal, etc., the said exceptions were copied and filed as assignments of error, under the heading: "Assignments of errors and exceptions to report of referee."

*Mr. Thomas R. Elcock* and *Mr. Geo. F. Baer*, for the appellant.

*Mr. J. Rodman Paul* and *Mr. A. Sidney Biddle*, for the appellee.

PER CURIAM:

This appeal was prematurely brought. There was no judgment entered by the court below. The exceptions filed with the referee were not passed upon by the court, nor do we find anything in the paper-book to show that they were disposed of by the referee. The last of the docket entries reads as follows: "November 20, 1889. Proof of notice of prothonotary on November 19, 1889, of filing of referee's report and exceptions filed." It is to be presumed that the referee acted upon the exceptions; it was admitted, however, that the court did not. This appeal was taken to the report of the referee.

That this cannot be done is plain from the provisions of the act of May 4, 1889, P. L. 80, which provides that the referee "shall give the parties interested in the cause, or their attorneys, ten days' previous notice of his intention to file his report on a day to be fixed by him, during which time the said parties or their attorneys shall have access to said report, and may file exceptions thereto; and it shall be the duty of the referee, on exceptions being filed, to re-examine his report and amend the same, if, in his opinion, such exceptions are well

founded. If no exceptions shall be filed with the referee, his award shall be entered as a final judgment of the court on the day it shall be filed. If exceptions have been filed with the referee, his report and the exceptions, with his action thereon, shall be heard by the court in which they shall have been filed, and said court shall have power to confirm the report of the referee, or alter, amend, or reverse it, or send it back to the referee for further proceedings before him; and a writ of error or appeal from the final judgment of the court may be taken by either party in like manner as in other cases of a similar kind, provided exceptions were duly filed with the referee." It will thus be seen that an appeal does not lie from the action of the referee; it only lies from the final judgment of the court, " provided exceptions were duly filed with the referee." The appeal having been taken prematurely, we have no right to hear and decide it; we have no jurisdiction.

It was urged, however, that the act of 1889 is not retroactive, and therefore does not apply to this case. We need not discuss the subject of retroactive legislation at length. It is sufficient to say that legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage. For the reasons given, this appeal must be quashed.

Appeal quashed.