# Kuca, Appellant, *v.* Lehigh Valley Coal Co.

*Workmen's compensation—Revisory powers of the Supreme Court —Evidence—Act of June 26, 1919, P. L. 642—Procedure—Retro‑ active statute.*

1. The revisory powers of the Supreme Court under the Act of June 26, 1919, P. L. 642, amending the Workmen's Compensa‑ tion Act of 1915, are limited to such consideration of the record as will enable the court to ascertain whether there is evidence to sup‑ port the findings of the board, and if on such findings the law has been properly applied.

2. Under the Act of 1919, where the common pleas sustains an exception to an award and reverses the action of the board, it must remit the record to the board for further hearing and determina‑ tion, such hearings shall not continue indefinitely and, if the new evidence is merely cumulative, it is the duty of the board to disal‑ low the claim.

3. The Act of 1919 applies to an action already instituted, inas‑ much as it affects procedure only, and does not disturb vested rights, or impair contract obligations.

*Workmen's compensation—Mines and mining—Course of em‑ ployment—Leaving place of work.*

4. No compensation will be allowed where the deceased left his regular working place and went some distance away, where no duty or business called him, and there met his death. The accident did not happen to him in the course of his employment.

Argued April 13, 1920. Appeal, No. 291, Jan. T., 1920, by plaintiff, from order of C. P. Luzerne Co., March T., 1920, No. 316, reversing decision of Work‑ men's Compensation Board making an award in case of Minegunda Kuca v. Lehigh Valley Coal Company. Be‑ fore BROWN, C. J., FRAZER, WALLING, SIMPSON and KEP‑ HART, JJ. Decree modified.

Appeal from decision of Workmen's Compensation Board making award for death of plaintiff's husband, Joseph Kuca. Before WOODWARD, J.

The opinion of the Supreme Court states the facts.

The court sustained the appeal, reversed the decision of the board, and entered judgment for defendant, instead of remitting the record for further hearing. The claimant appealed.

*Error assigned* was, among others, order of court.

*Roger J. Dever*, for appellant.—Litigation which affects rights will not be construed to be retroactive, unless it is declared so in the act: Kille v. Reading Iron Works, 134 Pa. 225; Com. ex rel. v. Shecter, 250 Pa. 282; Shonk v. Brown, 61 Pa. 320; Underwood v. Lilly, 10 S. & R. 97; Bedford v. Shilling, 4 S. & R. 401; Anderson v. Carnegie Steel Co., 255 Pa. 33; Messinger v. Lehigh Val. R. R., 261 Pa. 336.

The fact that an employee is some distance from the place of his employment when he meets with an accident will not mitigate against his dependents who seek compensation for his death: Clark v. Lehigh Val. Coal Co., 264 Pa. 529.

*P. F. O'Neill*, with him *F. W. Wheaton*, for appellee.

OPINION BY MR. JUSTICE KEPHART, June 26, 1920:

The appeal to the court below from the award of the compensation board was subsequent to the 1919 amendment of the Compensation Act. Prior to the amendment, the findings of the referee and the board as to matters of fact were generally conclusive, as no provision had been made to bring up the testimony as part of the record. The appeal was in the nature of a certiorari, adopted to prevent appeals to the courts except for errors of law, and so hasten final determination of claims

under the act; the judicial review was limited to an inspection of the record to ascertain whether the judgment was in conformity to law, and the opinion of the court was considered part of the record; and the findings as contained in the record of the referee and board could be examined in deciding the question of law before the court: McCauley v. Imperial Woolen Co., 261 Pa. 312, 321, 322. The amending Act of 1919, by section 427, in addition to the other changes therein mentioned, requires the board to "certify to such court its entire record in the matter in which the appeal has been taken, including the notes of testimony......," when an appeal is taken to the common pleas, or to this court, and it is upon this record the appeal is determined.

It was not intended by the legislature that this court should be an appellate administrative tribunal to weigh the evidence submitted to the referee or the board. Our revisory powers are limited to such consideration of the record as will enable us to ascertain whether there is evidence to support the findings of the board and if, upon such findings, the law has been properly applied. Though we may be of opinion, from the apparent weight of the evidence, that a finding should be made adverse to that of the board, we are not at liberty to enter or direct such different finding, where the one adopted by the board is supported by proof. The legislature has confided to the compensation board and referees the exclusive function of determining what facts are established. Our investigation is, therefore, limited to the questions of law raised by the record, and is somewhat analogous to our review in an appeal from confirmation of an auditor's report, or decree in equity.

When the common pleas sustains an exception to an award and reverses the action of the board, it must remit the record to the board for further hearing and determination: Article IV, section 427, Act of June 26, 1919, P. L. 642. In furtherance of its humane purpose, the act gives claimant every opportunity to produce evidence to

sustain her claim, and, in directing that the report be returned to the compensation board for further hearing, opportunity is presented to produce such additional evidence. It was not intended that such hearings should continue indefinitely, and, if the new evidence is merely cumulative, it is the duty of the board to disallow the claim. It is contended the amending Act of 1919 does not apply to an action already instituted. We cannot agree to this. The section in question affects the procedure; it does not disturb vested rights, or impair contract obligations. Procedure is a matter of statutory regulation, and, unless prevented by the Constitution, the legislature may alter it at will, provided the obligations of contracts are not impaired; but where the remedy is not entirely taken away, and the scope of the powers or duties of the hearing tribunals are merely enlarged, no contract is impaired. Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage: Kille v. Reading Iron Works, 134 Pa. 225, 227; Lane v. White, 140 Pa. 99, 101; Laukhauff's Est., 39 Pa. Superior Ct. 117, 119; Long's App., 87 Pa. 114.

In this case it was contended at the hearing that decedent met death in the course of employment by an explosion of gas in the mine of defendant. The referee disallowed the claim, making specific findings of fact in relation thereto. Claimant appealed to the compensation board, a hearing de novo was granted and the testimony offered before the referee was, by agreement of the parties, accepted by the board. It held death resulted in the course of employment and awarded compensation. Upon appeal, the common pleas reversed the board, and sustained the referee.

After a careful review of the evidence, we are convinced the following finding was the only one that could be made from the evidence: On May 31, 1918, Joseph

Kuca left his regular working place, on road 203, went to another section of the mine, namely, road No. 242, along which he traveled for some distance until he came to an old abandoned opening, which had been driven to a depth of 120 feet off the last mentioned road; he and a companion went into this old abandoned opening a distance of about seventy feet and there caused an explosion of gas; no duty or business called him to the scene of the accident, which was 500 feet distant from his proper working place; when he met death he was not engaged in the furtherance of the business or affairs of his employer; and nothing in the nature of his employment required his presence within 500 feet of the scene of the accident or in the section of the mine where the accident occurred.

The judgment of the court below is modified to read that the award of the Workmen's Compensation Board is reversed and the record is remitted to the board for further hearing and determination as prescribed by law. Costs to be paid by appellee.