DeJoseph, Appel., v. Standard Steel Car Co. et al.

Argued April 22, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*Robert White* and with him *Wm. McElwee, Jr.,* for appellant, cited: Donoghue v. Mining Co., 15 A. L. R. 937; Telephone Co. v. Newport, 14 A. L. R. 1369; Lane v. Nelson, 79 Pa. 407; Miller v. Pgh. Coal Co., 77 Pa. Superior Ct. 51; Machamer v. Philadelphia & Reading C. & I. Co., 24 Schuylkill L. R. 251.

*Robert L. Wallace,* for appellees, cited: Kuca v. Lehigh Valley Coal Co., 268 Pa. 163.

Opinion by Keller, J., July 10, 1930:

We held in the case of Johnson v. Jeddo Highland Coal Co., 99 Pa. Superior Ct. 94, that the limitation in the amendment of April 13, 1927, P. L. 186, 195, to section 413 of the Workmen's Compensation Amendatory Act of June 26, 1919, P. L. 642, 661, did not apply to agreements "procured by the fraud, coercion, or other improper conduct of a party" or those "founded upon a mistake of law or of fact."

This would require us to reverse the judgment of the lower court in this case, if the agreement sought to be set aside was founded upon a mistake of law or fact, within the meaning of the section. But a careful consideration of the agreed facts, in the light of the arguments of counsel, has failed to convince us that the agreement in this case comes within that category. The mistake of law or fact mentioned in the act refers to a mistake of law or fact existing at the time the agreement was made. It does not embrace conditions resulting from subsequent change or development.

The injury to claimant in this case was a compound fracture of the right leg between the knee and ankle, suffered on November 9, 1923. A compensation agreement was entered into whereby claimant was to receive the sum of $12 per week for an indeterminate period beginning November 20, 1923. On May 23, 1925, the defendant filed a petition alleging that the disability had terminated, which was later withdrawn. On April 30, 1926, another petition was presented alleging that total disability had ended and that claimant was only partially disabled. The hearings on this petition were continued until October 20, 1926, when the parties agreed that the injury had resulted in the permanent loss of the use of claimant's right leg, entitling him to compensation under schedule 306 (c), for the loss of the leg, to wit, two hundred and fifteen weeks, and extending his compensation for the period of eighty-nine weeks from April 21, 1926; and a formal finding and conclusion to that effect was entered by the referee on October 23, 1926, and an award made, and accepted by the parties, under which compensation was paid the claimant up to and including January 3, 1928, a period of two hundred and fifteen weeks.

On October 1, 1928, the claimant presented his petition to the Workmen's Compensation Board alleging that he was totally disabled by reason of the injury and entitled to compensation for total disability. At

the hearing before the referee the defendant moved to dismiss the petition for the reason that it was barred by the Act of April 13, 1927, P. L. 186, 194, section 413, the petition not having been filed within the definite period fixed by the award of October 23, 1926. To this claimant made answer that the agreement and award of October 23, 1926, were founded on a mistake of fact and law, and that the petition was not barred.

The referee found that the claimant had lost the permanent use of his right leg and that the injury was confined entirely to the right leg; having been a fracture of the tibia and fibula with resultant shortening of the leg of about one and one-quarter inches. The claimant walked about with a cane but complained that he was unable to work. The referee stated that the medical testimony disclosed that ''there was some overlapping and a great amount of callus thrown out which interfered with the muscle and nerve supply, some shortening and contraction of the muscles and tendons, drawing the toes upward somewhat, stiffening of the ankle joints and some stiffening in the knee.''

He concluded that the limitation prescribed in the Act of 1927, supra, was a bar to further recovery; but aside from that, ruled that the claimant was not entitled to further compensation, irrespective of the Act of 1927, because the injury was confined entirely to the leg, and the claimant had already been paid compensation for the permanent loss of the use of the leg. On both grounds he dismissed the petition. An appeal from his order to the Workmen's Compensation Board was dismissed.

On appeal to the common pleas of Lawrence County the court held that the evidence of claimant's physician showed that while the injury was confined to his right leg, it had affected injuriously his entire nervous system with the result that the claimant's

nervous system was degenerating, disabling him from working.

The evidence quoted in the opinion in support of this ruling was as follows:

"Q. Taking into account his *present* condition of the leg, is he able to work with it as well as if he had lost the leg entirely? A. No sir. Q. Why? A. Because his continuous pain there interferes with the use of that limb. Q. How does that affect the rest of the body? A. It has a nervous effect on it and *it is simply producing* a nervous degeneration."

The court further held that as this testimony was not contradicted, the referee was not warranted in disregarding it, and that his order so far as it related to disallowance of compensation on the ground that claimant was confined to the period fixed by schedule 306 (c) was an improper and mistaken one, which might be reviewed, modified or set aside; but he also ruled that the limitation of the Act of 1927, supra, applied to orders founded on a mistake of law or fact, referred to in the first paragraph of section 413 of the Act of 1919, and therefore barred a recovery by the claimant, and dismissed the appeal.

We have already referred to our ruling in Johnson v. Jeddo Highland Coal Co., supra, as opposed to this interpretation of the Act of 1927. We shall discuss our reasons for holding that the award of October 23, 1926, made pursuant to the agreement of October 20, 1926, was not an order founded on a mistake of law or fact within the ruling in the Johnson-Jeddo Highland Coal Company case, because there is no proof of any mistake of law or fact existing at the time it was entered.

The exact date of the hearing at which claimant's physician testified as above quoted does not appear, but it could not have been earlier than March 20, 1929, or two years and five months after the date of the agreement in question. The words in the testimony

which we have italicized show that the examination was not as to the claimant's condition on October 20, 1926, when the agreement was made, but when the hearing was held—*"his present condition;"* and related to changes and developments which have occurred since the agreement was made—that the pain "is producing a nervous degeneration."

We pointed out in the Johnson-Jeddo Highland case that section 413 of the Act of 1919, supra, (which is a consolidation of two separate sections in the Workmen's Compensation Law of 1915—sections 423 and 426), relates to two distinct classes of cases for the review, modification, &c., of compensation agreements; that the first class, those procured by fraud, coercion or other improper conduct of a party, or founded on a mistake of law or of fact, do not relate to changes that have occurred in the employe's physical condition since the agreement or order in question was made; while the second class, those dependent on proof that the disability of an injured employe has increased, &c., do, and that the limitation of the Act of 1927 is confined to the second class, which relates to changes that have occurred in the employe's physical condition since the order complained of was made.

It is clear from the testimony above quoted that the application in this case is based on an alleged total disability, due to. changes that have occurred in claimant's nervous system since October 20, 1926, a nervous *degeneration* produced by pain, and not to any mistake in the finding that his injury had resulted in the permanent loss of the use of his right leg or that this was the equivalent of the loss of his leg (Section 306-c).

Section 306 (c) provides an arbitrary fixed and exclusive schedule of compensation for the loss of certain members of the body, which is to be paid irrespective of the actual period of disability or loss of

wages, in an attempt to approximate the loss of earning power. The period of compensation so established is not dependent on the actual loss of wages or earning power but is fixed at an arbitrary number of weeks, although the claimant may be disabled for a less or greater period. Thus the compensation for all disability resulting from the loss of a leg is to be sixty per centum of wages during two hundred and fifteen weeks irrespective of whether the claimant is actually disabled because of it for three weeks or three hundred weeks, provided there is no distinct effect upon the physical structure from the injury apart from the loss of the leg; but if the loss of the leg develops injury to, destruction or affection of, other organs or parts of the body, causing disability separate, apart and distinct from the loss of the leg, compensation may be allowed for partial or total disability extending beyond two hundred and fifteen weeks: Lente v. Lucci, 275 Pa. 217. But such later development comes within the limitation prescribed by the Act of 1927. To take the example given in Lente v. Lucci, supra, if the loss of a leg renders active a latent tubercular condition in another part of the body, the employe is entitled to compensation for disability, partial or total as the case may be, resulting therefrom extending beyond the period of two hundred and fifteen weeks fixed in schedule 306 (c), but under the Act of 1927 he must make application for such additional allowance within the definite period fixed in said schedule. The additional compensation is not given because of any mistake of law or fact but by reason of the change or development that has occurred in the claimant's physical condition since the original award was made. The same rule applies here. We do not think it is affected by the amendment of March 29, 1923, P. L. 48, 49. The addition of the words ''or the permanent loss of the use of the hand, arm, foot, leg or eye, as hereinbefore provided'' to the clause providing for the

cumulation of compensation for the loss of two or more members, not constituting total disability, was intended to allow payment of the aggregate amounts specified in schedule (c) where there was the loss of a member and the permanent loss of the use of a member, or the permanent loss of the use of two members, not constituting total disability; for the amendment still retains the definite later provision: "Permanent loss of the use of a hand, arm, foot, leg or eye shall be considered as the equivalent for the loss of such hand, arm, foot, leg or eye," with its consequence of an arbitrary and exclusive schedule of compensation.

We agree with the learned court below that the Act of April 13, 1927, in so far as it amends section 413 of the Act of 1919 relates to procedure and applies to pending cases and is not confined to accidents which occur after its passage and approval. The Act of 1927 expressly provides in section 9 that sections 1 and 2, which affect the third article of the Workmen's Compensation Act, shall not apply to any accident or injury occurring prior to January 1, 1928; but that the remaining provisions, which affect the fourth article, shall be in force upon its passage and approval.

The fourth article of the Workmen's Compensation Act relates to "Procedure," and in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166, it was held the amendments of the Act of 1919, P. L. 642, to the fourth article went into effect at once and applied to cases then pending. Retroactive laws are not in violation of the Constitution which do not work an impairment of contracts, and which affect remedies of procedure only: Myers v. Lohr, 72 Pa. Superior Ct. 472, 477. Statutes of Limitations are to be construed liberally and provisions in them which are retroactive in character will be upheld if a reasonable time is given the parties affected to pursue their remedy: Kenyon v. Stewart, 44 Pa. 179. See also Com. v. Duffy, 96 Pa.

506; Gault's App., 33 Pa. 94; Waters v. Bates, 44 Pa. 473; Clay v. Iseminger, 187 Pa. 108; Kille v. Reading Iron Works, 134 Pa. 225, 227; Lane v. White, 140 Pa. 99; Cleary v. Quaker City Cab Co., 285 Pa. 241. This claimant had over eight months after the approval of the act within which to move for the extension of his compensation award, which we deem reasonable.

With this disposition of the case we need not consider and do not pass upon the other questions arising from the action of the court below, viz.: (1) whether the nervous degeneration resulting from pain attending an injury, equivalent to the loss of a leg, is so separate, distinct and apart from the loss of the leg as to justify additional compensation beyond that fixed in schedule 306 (c) which is declared to be exclusively applicable (Sharcheck v. Beaver Run Coal Co., 275 Pa. 225; Lente v. Lucci, supra, p. 222), and (2) whether the finding of fact of the referee, approved by the board, that the injury of the claimant was confined entirely to his right leg, can be set aside by the court because a physician testified without contradiction that the pain in the leg was producing a nervous degeneration.

The assignments of error are overruled and the appeal is dismissed.