Marchuk, Appellant, *v.* Pittsburgh Term. Co. Corp.

250

Argued April 28, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunningham, Baldrige, Stadtfeld and Parker, JJ.

*Louis L. Kaufman,* and with him *F. A. Ammon,* for appellant.

*Sidney J. Watts* of *Baker and Watts,* and with him *Karl E. Weise,* for appellee.

OPINION BY CUNNINGHAM, J., July 14, 1932:

The appeal in this compensation case is by the employe from an order of the court below affirming the action of the board in dismissing his petition for reinstatement of a compensation agreement.

Marchuk, claimant and petitioner below, was injured, March 22, 1927, by an accident in the course of his employment, as a coal loader, with the Pittsburgh Terminal Coal Corporation; both legs were fractured and he was totally disabled. On April 15, 1927, an open agreement for compensation, at the rate of $12 per week for total disability, was executed.

The last payment under this agreement was made May 12, 1928; claimant returned to work as a watchman on the 16th and continued in the service of the company until December, 1929, when it no longer required his services as a watchman but offered him employment as a loader. He testified he tried to resume that employment but was physically unable to do such heavy work.

On August 2, 1930, Marchuk filed with the board his petition "to review the said agreement as provided in Section 413 of the Workmen's Compensation Act of 1919." His ground for review was thus stated: "The superintendent of mine No. 4 during the strike offered me a job 'for life' if I would watch the fan-house. I agreed. After the strike I was discharged from this job and put back on loading coal, which work I was unable to do. After the first day on the job one of my legs, which was fractured, swelled to twice its normal size and still is in a swollen and painful condition, making it impossible to do any work requiring use of my legs." The employer answered, in substance, that no promise of a life job, nor any promise of a similar character, had been made; that the position of watchman was abolished about December 1, 1929; and that claimant was not suffering from any

disability at the time of the filing of his petition. Claimant did not aver, either in his petition or in his testimony in support thereof, that the agreement had been procured by the fraud, coercion or other improper conduct of his employer, or was founded upon a mistake of law or of fact. Clearly the petition was filed under the provisions of the second paragraph of Section 413, for the purpose of securing the reinstatement of the agreement upon the ground that claimant's disability had recurred. It was not disposed of upon its merits, but was dismissed by the referee, for the reason that it had not been filed "within one year after the date of the last payment of compensation."

The material finding by the referee reads: "From the testimony taken at the time of the hearing, we are of the opinion and so find as a fact that the disability for which the claimant is now claiming compensation is a recurrence of his original accident and was not existent at the time of the signing of the final receipt. The claimant did not file his petition to review until August 2, 1930, more than one year after the signing of the final receipt. It is therefore barred by the statute of limitations." The board approved the action of the referee, and the common pleas, in an opinion by GARDNER, J., dismissed claimant's appeal from the board, holding, upon a review of the authorities, that the limitation of one year, prescribed by the further amendment of April 13, 1927, P. L. 186, 194, to Section 413, applies to this case.

Counsel for claimant now contend that as the accident occurred on March 22, 1927, a date prior to the approval of the amendment, the limitation is not applicable here. The legislature enacted that the provision now under consideration should be in force upon the approval of the amendment. The contention in behalf of claimant is fully answered and disposed of in the opinion of this court in the case of DeJoseph

v. Standard Steel Car Company et al., 99 Pa. Superior
Ct. 497, in the course of which the writer, KELLER, J.,
said, at page 504, that this part of the amendment
"relates to procedure and applies to pending cases and
is not confined to accidents which occur after its pas-
sage and approval." The DeJoseph case and that of
Johnson v. Jeddo Highland Coal Company, Ibid. 94,
rule the case now at bar.

As pointed out in those cases, the only kind of a
mistake of law or of fact which will bring a petition
to review, modify or set aside, an agreement within
the provisions of the first paragraph of Section 413,
and thereby avoid the limitation of one year, is a mis-
take existing at the time the agreement was made.
This appeal was argued in forma pauperis, but we
have examined the entire record and find no suggestion
therein that the original agreement was founded upon
any mistake of law or of fact. It is also useless for
claimant's counsel to cite in support of this appeal the
cases relating to the setting aside of final receipts,
under Section 434, on the ground that they were
founded upon a mistake of fact, on the part of the in-
jured employe, with respect to his physical condition
at the time they were executed. It is true that the
finding of the referee contains a reference to the sign-
ing of a final receipt, but counsel for claimant state in
their brief that he refused to sign such receipt when
he accepted a position as watchman in May, 1928. As
stated by the court below in its opinion, the finding
of fact of the referee—that the disability asserted by
claimant in support of his petition was a recurrence
of his original disability—is supported by the evidence
"and there is no allegation by the claimant that it is
unsupported." This finding brings this proceeding
under the second paragraph of Section 413; the com-
pensation authorities and the court below were, there-
fore, entirely justified in holding that the petition filed

August 2, 1930, more than two years after the last payment of compensation, was too late and that claimant is barred from obtaining the relief sought.

The order of the court below dismissing claimant's appeal is affirmed.