Seneca *v.* Yale & Towne Mfg. Co. et al.,
Appellants.

Argued October 31, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*J. Paul Erwin*, with him *James J. Leyden*, for appellants.

*David L. Ullman*, with him *Robert B. Koff*, for appellee.

Opinion by Cunningham, J., December 18, 1941:

While in the course of his employment, the claimant in this workmen's compensation case sustained, on August 27, 1937, an accidental injury to his left eye which resulted in the permanent loss of the use of that member. Under the provisions of Section 306(c) of our Workmen's Compensation Act of June 2, 1915,

P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS §513, and in force at the time of the injury, he became vested, under his contract of hiring, with a statutory right to be compensated for the loss of the use of his eye to the extent of sixty-five per centum of his wages during one hundred and twenty-five weeks. His cause of action arose and became complete cotemporaneously with the happening of the accident, but it could be asserted only in the manner and in accordance with the machinery provided by the Act of 1915 and its applicable amendments.

By Section 315 of the statute, 77 PS §602, also in force at the date of the accident, it was provided, inter alia, that "all claims for compensation shall be forever barred, unless, within one year after the accident ......one of the parties shall have filed a petition" with the board. Although both the employer and insurance carrier had ample notice of the accident and its results, and the investigation of the circumstances under which it occurred had been referred by the former to the latter, no agreement upon the amount of compensation was reached during the year following the injury.

It was not until September 21, 1938, nearly thirteen months after the accident, that claimant filed his formal claim-petition with the board. This petition was dismissed by the referee upon the ground that its consideration was barred by the limitation of one year contained in Section 315.

Claimant thereupon appealed to the board, contending that by reason of certain legislative enactments which became effective during the year succeeding the date of his accident the time within which he was required to file his claim-petition had been extended to *"two* years after the accident."

The legislation invoked by claimant is the Act of June 4, 1937, P. L. 1552, re-enacting and amending the Workmen's Compensation Act of 1915, supra. By this Act of 1937, Section 315 of the former act, above cited,

was re-enacted and amended (also as Section 315 of the new act, P. L. 1573, 77 PS §602) in several particulars. The only amendment with which we are now concerned was the extension of the period within which claim-petitions must be filed from one year to *two years* after the accident. In Section 507 of the Act of 1937 it was provided that, with the exception of a section not here applicable, the provisions thereof should "become effective January first, one thousand nine hundred and thirty-eight."

The board, agreeing with the contention of claimant, reversed the action of the referee and entered an award in favor of claimant for compensation at the rate of $15 per week for a period of 125 weeks.

Upon the appeal of the employer and its insurance carrier to the common pleas, the opinion of the board was adopted by that court; defendants' exceptions were dismissed and judgment entered upon the award; the present appeal by defendants from that judgment followed.

The question with which we are confronted is whether the amendment relates to and affects the substantive rights and obligations of the parties under their contract of hiring, or only the procedure for their enforcement—their rights or merely their remedies.

The fundamental test was defined by our Supreme Court in *Kuca v. Lehigh Valley Coal Co.,* 268 Pa. 163, 110 A. 731. In that case, after the compensation authorities had made their decision and before the appeal therefrom had been taken to the common pleas, the legislature passed the amendatory act of June 26, 1919, P. L. 642, 77 PS §§834 and 876, inter alia, increasing the extent of the jurisdiction of that court upon appeals.

Upon the question whether the amendment applied to the case then pending, it was said: "The section in question affects the procedure; it does not disturb vested rights, or impair contract obligations. Procedure is a matter of statutory regulation, and, unless

prevented by the Constitution, the legislature may alter it at will, provided the obligations of contracts are not impaired; but where the remedy is not entirely taken away, and the scope of the powers or duties of the hearing tribunals are merely enlarged, no contract is impaired. Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage: *Kille v. Reading Iron Works*, 134 Pa. 225, 227; *Lane v. White*, 140 Pa. 99, 101; *Laukhauff's Est.*, 39 Pa. Superior Ct. 117, 119; *Long's App.*, 87 Pa. 114."

It is true there was no litigation actually pending in the case at bar on the date upon which the amendment became effective, but on that date claimant had a full and complete right of action and the period within which he was required to assert it, under the legislation in force at the time of the injury, had not expired.

We have held with respect to other limitations in various sections of the statute that they were procedural and therefore applied to existing proceedings and pending claims. For instance, in *DeJoseph v. Standard Steel Car Co. et al.*, 99 Pa. Superior Ct. 497, we held that the amendment of April 13, 1927, P. L. 186, to the second paragraph of Section 413 of the statute, 77 PS §772, providing, inter alia, that "no agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the board within one year after the date of the last payment of compensation," was procedural and therefore applicable, although the accident had occurred in 1923. Its application in that case barred the consideration of a petition which would otherwise have been in time.

In the course of the opinion KELLER, J., (now President Judge) said: "We agree with the learned court below that the Act of April 13, 1927, in so far as it amends Section 413 of the Act of 1919 relates to pro-

cedure and applies to pending cases and is not confined to accidents which occur after its passage land approval." Similarly in *Marchuk v. Pittsburgh Terminal Coal Corporation*, 106 Pa. Superior Ct. 249, 161 A. 771, and *Rednock v. Westmoreland Coal Company*, 132 Pa. Superior Ct. 89, 200 A. 114, the same provision of the 1927 amendment was construed and, following the DeJoseph case, we held it applied to pending cases, being a procedural matter.

Reference has been made by appellants, inter alia, to several prior decisions of this court—*Ratto et al. v. Pennsylvania Coal Company*, 102 Pa. Superior Ct. 242, 156 A. 749, and *Rowles v. State Workmen's Insurance Fund et al.*, 141 Pa. Superior Ct. 193, 14 A. 2d 551. In the Ratto case we had occasion to consider the nature of the limitation of Section 315 and to decide whether it was such a pure statute of limitations as must be specially pleaded. The claim-petition in that case was not filed until sixteen months after the death of the employee. The employer filed an answer questioning the regularity of the petition and demanding proof of the existence of certain alleged dependents, but did not therein plead the provisions of the statute barring claims after the expiration of one year. As it became necessary to take testimony abroad, letters rogatory were issued and at the subsequent hearing before the referee the employer for the first time raised the question that the claim was barred because not filed within the year fixed by the statute. It was contended on behalf of the claimants that the employer was not entitled to interpose the bar of the statute at that time because it had not been pleaded in the answer. On the other hand, the employer contended the provision was really a statute of repose which extinguished the right and not merely the remedy and might therefore be invoked without having been specially pleaded. We there held the statute barred the right as well as the remedy and that

the question had been raised in sufficient time and in a proper manner.

In the Rowles case, the claim-petition in question had not been filed within one year after the accident. In discussing the limitation PARKER, J., said: "The limitation contained in §315 is a special statutory limitation qualifying a given right and is not a pure statute of limitations."

In the absence of clear proof of fraud, coercion, or such other improper conduct as would estop an employer or carrier from invoking the limitation, the right is forever lost unless the claim is made within the statutory period.

In the Ratto case reference was made to the limitation in Section 315 as analogous to that contained in the Act of April 26, 1855, P. L. 309, 12 PS §§1602-1603, which created a right to recover damages for wrongful death which did not exist at common law, and it was noted that neither limitation is a pure statute of limitations in the sense that it may operate only when pleaded. Although, by origin, an incident of a new substantive right created by statute, the period of limitation in both cases deals merely with the *exercise* of that substantive right and is so basically procedural that it may be altered from time to time.

*Rosenzweig, Admrx., v. Heller*, 302 Pa. 279, 153 A. 346, definitely decided that, in this state, the period of limitation in connection with the institution of an action for wrongful death is a question of procedure. Our Supreme Court there applied the Pennsylvania period of limitation since the action was instituted here, although the accident occurred in New Jersey where there was a different limitation period, the issue involved being treated as pertaining solely to the remedy. By the same reasoning the limitation period here under discussion must also be held to be a procedural matter.

Another indication that the change in the limitation period was intended to be applicable to existing causes

of action is the fact that although the Act of 1937 was approved on June 4, 1937, it did not become effective until January 1, 1938. As stated in 37 C. J. 697 §15: "The fact that a statute of limitations is postponed in its operation, and is not to take effect from its passage, has been held to be a circumstance showing that the statute was intended to be retrospective in its operation and therefore applicable to existing, as well as prospective, causes of action ......" As we have already indicated, changes in procedure may properly have a retroactive as well as prospective application and this rule is quite generally applied to statutes of limitation, aside from the question of postponement of the operation of the statute. See 37 C. J. 695, §12, where it is said: "...... the rule is frequently laid down that inasmuch as statutes of limitation affect the remedy only, the *statute in force at the time of suit brought* governs the case and operates, in the absence of saving clauses, on causes of action *accruing* prior to its passage, especially if the statute *extends,* instead of shortens, the pre-existing limitation period ......" (Italics ours).

The case of *Russell v. Ralston et al.,* 133 Pa. Superior Ct. 465, 3 A. 2d 13, cited by appellants, is distinguishable from the case at bar. In that case the claimant sought to collect compensation for a hernia, alleged to have been sustained while the hernia amendment of April 13, 1927, P. L. 186, 77 PS §652, was in force. By that amendment it was provided that hernia shall be considered as a physical weakness or ailment which ordinarily develops gradually and shall not be compensable, unless conclusive proof is adduced of certain specified manifestations and of the giving of notice to the employer, or his representative, "within forty-eight hours after the occurrence of the accident." The referee found the required notice had not been given. The hernia amendment was repealed by the Act of June 4, 1937, P. L. 1552, supra, which became effective prior to the final disposition of the claim by the board. It

478

was contended in behalf of claimant that the requirement of notice within forty-eight hours was "purely procedural" and that the repeal of the amendment of 1927, prior to the termination of the litigation, relieved claimant of the burden of showing such notice had been given. We overruled that contention and held the hernia amendment dealt with substantive and contractual rights of the parties and that the obligations of the contract of hiring would be impaired if the contention in behalf of claimant should be adopted. The concluding paragraph of the opinion reads: "Under the uncontroverted facts in this case the rights of the parties became fixed at the expiration of forty-eight hours after the occurrence of the accident. By reason of claimant's failure to give the required notice within that period, no legal basis for his present demand for compensation ever came into existence. The most that can be said in his behalf is that he may have had an inchoate claim during the period, but it never ripened into a cause of action. We are not here dealing with a period of limitation, but with a condition precedent to a valid claim for compensation."

Here, as above indicated, the happening of the accident created in claimant a full and complete cause of action. Claimant, in addition to contending he had two years within which to file his petition, asserted, and introduced evidence for the purpose of showing, that the insurance carrier had estopped itself from raising as a defense the bar of the limitation in the section by reason of its assurances to him that compensation would be paid, i. e., claimant endeavored to bring himself within such cases as *Guy v. Stoecklein Baking Co. et al.*, 133 Pa. Superior Ct. 38, 1 A. 2d 839, and *Demmel v. Dilworth Co. et al.*, 136 Pa. Superior Ct. 37, 7 A. 2d 50.

In view of the conclusion we have reached on the main branch of the case, it is unnecessary to consider the question of estoppel and we express no opinion upon it.

Judgment affirmed.