## Matkosky *v.* Midvale Company, Appellant.

198

Argued December 13, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Rhodes and Hirt, JJ.

*Henry R. Heebner*, with him ' *Morgan, Lewis & Bockius*, for appellant.

*Domenic Furia*, for appellee.

Opinion by Cunningham, J., January 30, 1941:

This appeal by the employer in a workmen's compensation case is from a judgment entered in the court below upon an award made upon the theory that the claimant-appellee sustained, in the course of his employment on October 5, 1937, an accidental injury to the distal

phalange of his right thumb which entitled him, under the provisions of Section 306(c) of our Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended April 13, 1927, P. L. 186, 77 PS §513, to compensation at the rate of $15 per week for a period of thirty weeks for the "loss of the first phalange of [his] thumb."

The fact of an accidental injury was not controverted by appellant, but liability for compensation was denied upon two grounds: First, that the claim was barred because the petition therefor had not been filed "within one year after the accident," as required by Section 315 of the statute in force at the date it occurred, 77 PS §602; and secondly, that the injury did not amount to the "loss" of the first phalange within the meaning of the statutory provision then in effect.

The first proposition is ruled against appellant's contention by the recent decision of this court in *Seneca v. Yale & Towne Mfg. Co. et al.,* 142 Pa. Superior Ct. 470, 16 A. 2d 754. The claim-petition in the case now at bar was not filed until March 30, 1939, nearly eighteen months after the accident, but in the meantime, and within the year following the accident; viz., on January 1, 1938, the Act of June 4, 1937, P. L. 1552, reenacting and amending the Act of 1915, became effective. In amending Section 315 of the original act, the legislature, inter alia, extended the time within which claim-petitions must be filed to "two years after the accident," 77 PS (1938 Supp.) §602.

For the reasons stated at length in the Seneca case we held the amendment to this section related to a matter of procedure and therefore applied to rights of action existing upon its effective date as well as to those accruing thereafter. The board and the court below correctly held in this case that claimant's petition had been filed in time and the assignment of error based upon that ruling of the court below is dismissed.

The trouble with the second proposition is that the findings of fact made by the referee, and adopted by the board, are not sufficiently specific to enable a court of common pleas to decide, and this court to review, the question of law arising upon this branch of the case; viz., whether claimant has "lost", within the intendment of the applicable statute, the first phalange of his thumb.

Following the hearing before him on June 19, 1939, the referee made the following as his only material finding of fact: "That as a result of the said accident, the claimant was obliged to have *part of the distal phalange* of the right thumb amputated between the tip and the distal joint." (Italics supplied.)

So far as appears from this finding the amputation may have been merely of the pad at the end of the thumb or it may have been close to the distal joint; none, or practically all, of the bone of the phalange may have been removed.

There was medical evidence upon the record indicative of the point of amputation and of the percentage of bone structure which had been removed. X-ray pictures were taken and submitted at the hearing. The referee also placed upon the record his description of the results of a comparison of the right and left thumbs of claimant, but made no specific findings of fact with respect to any of these important factors essential to a determination of the question whether the accidental injury suffered by claimant had resulted for all practical purposes in the loss of the phalange.

It would have been proper for the court below, when appellant's appeal from the action of the board came on for argument before it, to have remitted the record to the board for more specific findings of fact as authorized by Section 427 of the Act of 1915, as amended by the Act of June 26, 1919, P. L. 642, 77 PS §877.

The applicable provisions of Section 306(c) of the

Act of 1915, as amended by the Act of 1927, 77 PS §513, supra, which was the legislation in force at the date of the accident and which fixed the substantive rights and obligations of the parties under their contract of hiring, read:

"For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

\* \* \* \* \* \* \* \* \* \*

"For the loss of a thumb, sixty-five per centum of wages during sixty weeks.

\* \* \* \* \* \* \* \* \* \*

"The loss of the first phalange of the thumb, or of any finger, shall be considered equivalent to the loss of one-half of such thumb or finger, and shall be compensated at the same rate as for the loss of a thumb or finger, but for one-half of the period provided for the loss of a thumb or finger.

"The loss of more than one phalange of a thumb or finger shall be considered equivalent to the loss of the entire thumb or finger."

It also appeared of record that claimant suffered no actual loss of time or wages but, with the assistance of a helper for four or five weeks, was able to continue the work in which he was engaged at the time of the accident until May 16, 1938, when the particular job upon which he was engaged was discontinued and his services were no longer required by appellant.

Considerable testimony was unnecessarily taken with relation to the extent, if any, of claimant's disability attributable to the accident. The board correctly held, under the authority of *Lente v. Luci*, 275 Pa. 217, 119 A. 132, that awards under Section 306(c) are to be made in the amount fixed thereby "without considering, but including, all incapacity to labor that may be

connected therewith whether such incapacity be total, partial, or no incapacity at all."

When the matter came before the board on appellant's appeal that tribunal erroneously considered and disposed of this branch of the case upon the theory that the provisions of the above cited reenacting and amending Act of 1937 applied, although the accident occurred several months before its effective date. Material changes were made by the Act of 1937 in the portions of Section 306(c) relating to the loss of a thumb. The period during which compensation shall be paid was increased from sixty to seventy-five weeks, and, with respect to the subject matter of the present inquiry, the Act of 1937 provides:

"The loss of less than the first phalange of the toe, thumb, or of any finger, shall be considered equivalent to the loss of one-half of such toe, thumb or finger, and shall be compensated at the same rate as for the loss of a toe, thumb or finger, but for one-half of the period provided for the loss of a toe, thumb or finger: Provided, however, That the accident involves injury to part of the bone of the phalange.

"The loss of one phalange or more of a toe, thumb or finger shall be considered equivalent to the loss of the entire toe, thumb or finger."

The board, in its opinion, quoted and relied upon these provisions. As indicated in the Seneca case, supra, Section 306 and similar sections deal with the substantive rights of the parties and not with mere matters of procedure; hence, the amendments of 1937 to that section are not applicable where the accident occurred prior to January 1, 1938. The award as entered by the referee and affirmed by the board was under the section as amended in 1927. A consistent application of the Act of 1937 by the board would have required an increase in the period from thirty to thirty-seven and one-half weeks.

We feel that the court below, in dismissing appellant's exceptions to the action of the board, inadvertently went beyond its jurisdiction and, after considering and weighing all the evidence, the weight and credibility of which were solely for the referee and board, in effect, made findings of its own with respect to the extent of claimant's loss, both of flesh and bone, and upon such findings reached the conclusion that claimant had suffered "the loss of substantially all the first phalange." · We have no means of knowing what conclusion the board might have reached, under all the evidence on this record, if it had applied to that evidence the appropriate provisions of law as they stood prior to the effective date of the Act of 1937. Of course, if the Act of 1937 had been in force at the time of the accident there could be no doubt about the propriety of the award because that act expressly provides that the loss of *less* than the first phalange of a thumb shall be considered equivalent to the loss of one-half thereof, provided a part of the bone has been injured. But that was not the law when the rights of the parties became fixed by the happening of the accident.

The parties are entitled to have this case disposed of upon the law as it stood at the date of the accident. That can be done only under specific findings of fact with respect to exactly what parts of the phalange in question have been lost.

The judgment is reversed and the record remitted to the court below to the end that the same may be remanded to the board for further proceedings not inconsistent with this opinion.