## Bertges *v.* Armour & Company of Delaware, Appellant.

Argued April 29, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Robert R. Wertz*, with him *Weller, Wicks & Wallace*, for appellant.

*Murray J. Jordan*, for appellee.

OPINION BY KELLER, P. J., July 23, 1942:
This judgment must be reversed because of an error

on the part of the Workmen's Compensation Board, followed on appeal by the court below, in applying section 434 of the Workmen's Compensation Act of June 4, 1937, P. L. 1552.

The claimant was injured on January 5, 1935. An open agreement of compensation for total disability was entered into and compensation was paid under it until November 9, 1935, when he returned to work, at his usual wages; and on November 26, 1935 he executed a final receipt. The section of the Workmen's Compensation Act, governing the setting aside of final receipts, in force when this receipt was signed, was section 434, added by the amending Act of June 26, 1919, P. L. 642.

On February 25, 1939 he was laid off because of the closing down of the plant he worked in.

On March 17, 1939 he filed a petition to set aside the final receipt of November 26, 1935, averring as the reason: "That the claimant has been working and doing very light work, but for the past three weeks has had no work, and because of a partial disability which he is suffering he cannot get a job elsewhere." This petition, which was prepared by claimant without the assistance of counsel, asserted no valid ground for setting aside the final receipt under section 434 of the Act of 1919, supra, which limited such action to cases where it is proved "that such receipt was procured by fraud, coercion or other improper conduct of a party or is founded upon mistake of law or of fact." But testimony was taken before the referee tending to show that from January 1935 to the date of the signing of said final receipt—November 26, 1935—and ever since, the claimant has suffered from a bilateral sacroiliac sprain, the direct result of his accidental injury, which has required him to wear a sacroiliac brace and prevented him from doing the kind of work he had been accustomed to do, or heavy work of any kind.

The referee filed his decision on January 15, 1940. He found as a fact that claimant was 25 per cent par-

tially disabled at the time he returned to work and signed the final receipt; but that defendant was entitled to a suspension of payments under the compensation agreement from November 11, 1935 to February 25, 1939, during which period the claimant worked and received full wages in lieu of compensation.

The referee stated as a conclusion of law, that "since the claimant executed final settlement receipt under mistake of fact, he is entitled to have same set aside and compensation reinstated to provide for 25% partial disability which reflected itself in his earning power after February 25, 1939," and awarded compensation accordingly.

Both claimant and defendant appealed from this order to the board. In taking the appeal, and since then, claimant has been represented by counsel.

During the hearing before the board, counsel for claimant filed a petition asking the board to remand the record to the referee so that evidence could be presented by the claimant tending to show that the final receipt was founded upon a mistake of fact and had been procured by improper conduct on the part of the defendant. This petition was not acted upon by the board and was not sent up with the record before us. But counsel for appellant very frankly admitted that such a petition had been presented and filed.

The board, disregarding the questions of mistake of fact and improper conduct on the part of the defendant, on October 24, 1940, handed down its order sustaining claimant's appeal and dismissing defendant's appeal, basing its action solely on the amendment to section 434 enacted by the Act of June 4, 1937, P. L. 1552, effective January 1, 1938.

Section 434, so amended, reads:

"A final receipt, given by an employe or dependent entitled to compensation under a compensation agreement or award, reciting that the disability or depend-

ency has terminated, shall be prima facie evidence of the termination of the employer's liability to pay compensation under such agreement or award: Provided, however, That the board, or a referee designated by the board, may, at any time within six hundred weeks from the date of the injury, set aside a final receipt, upon petition filed with the board, if it be proved that, at the time of the execution of the receipt, the injured employe was not in fact able to return to work without loss of earning power, or that the employe had a condition which resulted from the accident, which condition existed at the time the compensation agreement was executed and which was not covered by such agreement, or that the employe had an existing disability at the time the final receipt was taken."

The board found that the evidence disclosed that the claimant had "an existing disability when the final receipt was taken," and for that reason set aside the final receipt; it sustained the referee's finding as to 25% disability, but made it applicable from the date of the receipt.

The defendant appealed to the court of common pleas which sustained the board. This appeal followed. The judgment will be reversed.

The case is not ruled by *Seneca v. Yale & Towne Mfg. Co.*, 142 Pa. Superior Ct. 470, 16 A. 2d 754, which was concerned with the *limitations* as to the time within which claims must be filed, as fixed in the workmen's compensation act and its amendments. We held in that case, that the limitation of two years fixed in the Act of June 4, 1937 applied to an accident that happened before the Act of 1937 went into effect; just as we here hold that the limitation of 600 weeks from the date of the injury, contained in section 434 of the Act of 1937, within which *application might be made* to set aside a final receipt, applied to an accident that happened before

that act went into effect.[1]  See also, *Matkosky v. Midvale Company*, 143 Pa. Superior Ct. 197, 199, 18 A. 2d 102. But the clause here applied by the board and the court below is not a statute of limitations and does not come within the cases dealing with such statutes.

The present case is ruled, rather, by *Mancini v. Penna. Rubber Co.*, 147 Pa. Superior Ct. 359, 24 A. 2d 151, where the claimant unsuccessfully presented the same argument adopted by the board and the court below in this case.  In that·case, the accident happened on November 1, 1926.  The final receipt was signed on December 23, 1930.  Application was made to set it aside on May 17, 1934.  We said on this point: "We cannot adopt the suggestion of claimant's counsel that the amendment to section 434 contained in the Act of June 4, 1937, P. L. 1552, (effective January 1, 1938) applies.  Although procedural in character, its provisions cannot be invoked as respects an application made to set aside a final receipt signed nearly four years [actually seven years] before its effective date, just because it happened to be still pending and undetermined on January 1, 1938.  If it could be, it would likewise be affected by the repeal of the Act of 1937 by the Act of June 21, 1939, P. L. 520, effective July 1, 1939, while the matter was still pending and undetermined."

That statement is equally appropriate here.  The only difference is that in the present case the petition to set aside the final receipt was filed on March 17, 1939, while the Act of 1937 was in force and effect, but was

[1] By the Act of June 21, 1939, P. L. 520, this limitation was changed to "two years from the date to which payment is made as evidenced by such final receipt." This also applies to receipts executed before the effective date of the act, but a reasonable · time would have to be given as respects receipts executed two years or more before its effective date. Neither the Act of 1937 nor the Act of 1939 has any effect, with respect to this limitation, on a proceeding to set aside a final receipt begun before their respective effective dates.

not heard by the referee until six and a half months after the statute was repealed, nor acted upon by the board until fifteen and a half months after its repeal.

While section 434 is concerned with procedure—Article IV *generally* relates to procedure—it does not follow that it should be applied in such a manner as to affect vested substantive rights. In the Mancini case, a final receipt had been executed and delivered seven years before the Act of 1937 went into effect. In the present case, the final receipt had been signed and delivered over two years before the Act of 1937 went into effect. The Act of 1919, supra, fixed the grounds which would justify the setting aside of a final receipt when both the Mancini receipt and the present one were signed. Both petitions were filed in time under the Act of 1919. To permit a receipt to be set aside on a ground which would not legally invalidate it *when it was signed* would be unlawfully to affect vested rights. The provisions of the section defining the grounds which will justify the setting aside of a final receipt will be applied as respects final receipts *signed after the effective date of the act and before its repeal,* but it will not be applied or enforced as to receipts signed and delivered before its effective date. To that limited extent it is procedural, and not otherwise.

It follows that the judgment will have to be reversed. The board did not act upon the petition of claimant's counsel asking that the record be remitted to the referee in order to give claimant, who had no counsel at the hearing before the referee, an opportunity to prove that the receipt was founded on a mistake of fact and had been procured by improper conduct on the part of the defendant. We are of opinion that, in the circumstances here present, this opportunity should have been given claimant. Pending the action of the board on the matters raised by that petition, we shall not discuss the other points argued by the appellant, respecting the quality and quantum of proof necessary to set

aside a final receipt; for, with the assistance of counsel, the situation may be greatly changed; except to say that on the case now before us there was not *sufficient* evidence of a mistake of fact, such as would warrant the board to set aside the receipt, and *none at all of improper conduct* by the employer in its procurement.

The judgment is reversed and the record is ordered remitted to the Workmen's Compensation Board for further action consonant with this opinion.