## Hartman, Appellant, v. Pennsylvania Salt Manufacturing Company.

Submitted April 28, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Samuel J. Goldstein,* for appellant.

*Roy G. Bostwick, William C. O'Neil* and *Thorp, Bostwick, Reed & Armstrong,* for appellee.

OPINION BY KELLER, P. J., July 15, 1944:

Claimant suffered an injury in the course of his employment with the defendant on December 20, 1937. An agreement of compensation was duly entered into and compensation paid under it until April 18, 1938, when claimant returned to work, and executed and delivered a final receipt. He continued in his employment until July 1940, when it was terminated because of the mechanization of defendant's mine.

On October 15, 1941 claimant filed a petition to set aside the final receipt on the stated grounds of (1) mutual mistake of fact, and (2) the employer's improper conduct in securing it. While the Act of June 4, 1937, P. L. 1552, further amending the Workmen's Compensation Act of 1915, P. L. 736, did not become generally effective until January 1, 1938, we have ruled that section 434 relating to the setting aside of final

receipts was procedural in character and therefore applied to accidents which occurred before the effective date of the Act of 1937, if the final receipt was signed while the act was in force, so as to enlarge the grounds for setting aside such a receipt. See *Bertges v. Armour & Co.*, 149 Pa. Superior Ct. 123, 128, 27 A. 2d 422. *Cf. Mancini v. Penna. Rubber Co.*, 147 Pa. Superior Ct. 359, 369, 24 A. 2d 151.

The sole question here involved (*McDermott v. Sun Indemnity Co.*, 131 Pa. Superior Ct. 60, 70, 198 A. 499) is whether the limitation of six hundred weeks from the date of injury fixed in section 434 of the Act of 1937 applies, or that of two years from the date to which payment of compensation was made, as shown by the final receipt, as fixed in the same section of the later amending Act of June 21, 1939, P. L. 520, which was in force when the petition to set aside the receipt was filed.

The board and the court below held that the limitation fixed in the Act of 1939 applied, and as the petition was filed more than two years after the effective date of that act—October 1, 1939—the application was made too late. We agree with that conclusion.

The limitation in section 434 of the Act of 1939 did not take away any vested substantive right of the claimant to compensation. It merely affected the time within which he could move to set aside a final receipt of compensation that he had previously executed and delivered. It was wholly a matter of procedure, and would become effective at once, subject to the proviso, applicable in all such cases, that if the limitation period fixed by the Act of 1939 had already run at the date of its enactment, or was very close to it, the claimant must be allowed a further reasonable time in which to file his petition. In the present case, he did not file his petition until more than two years after the effective date of the Act of 1939, so that the question of a reasonable time does not here arise.

The Act of 1937, in section 434, enlarged the grounds for setting aside final receipts, and as the section was procedural, its benefits were extended to this claimant although the Act was not in force when he was *injured.* But the *limitation* period fixed in the Act of 1937 was reduced by the Act of 1939, and being procedural, the limitation affected all claimants who had given final receipts, and they were required to file their petitions to set aside those receipts within the period fixed in the later act, subject only to the proviso abovementioned, which is not here involved.

The ruling of the board and the court below is sanctioned by the decisions of the Supreme Court in *Rodebaugh v. Traction Co.,* 190 Pa. 358, 42 A. 953, *Peterson v. Ferry Co.,* 190 Pa. 364, 42 A. 955, and *Bowden v. Phila. W. & B. Railroad Co.,* 196 Pa. 562, 46 A. 843, which applied the limitation fixed in the Act of June 24, 1895, P. L. 236, for bringing actions for personal injury, to rights existing at the passage of the act. See also *Long's Appeal,* 87 Pa. 114; *Kille v. Reading Iron Works,* 134 Pa. 225, 19 A. 547. It is upheld by the following cases relating to matters of procedure in workmen's compensation claims: *De Joseph v. Standard Steel Car Co.,* 99 Pa. Superior Ct. 497, 504; *Seneca v. Yale & Towne Mfg. Co.,* 142 Pa. Superior Ct. 470, 16 A. 2d 754; *Vetrulli v. Wallin Concrete Corp.,* 144 Pa. Superior Ct. 73, 18 A. 2d 535; *Kennedy v. Holmes Const. Co.,* 147 Pa. Superior Ct. 348, 356, 358, 24 A. 2d 451; *Ferki v. Frantz's Transfer Co.,* 152 Pa. Superior Ct. 267, 31 A. 2d 586.

The order is affirmed.