Ketzel, Appellant, *v.* Hammermill Paper Co.

Argued April 10, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

T. P. Dunn, for appellant.

A. Grant Walker, with him Gifford, Graham, Mac-Donald & Illig and Gunnison, Fish, Gifford & Chapin, for appellee.

OPINION BY RENO, J., July 19, 1946:

The claimant appealed from the judgment of the court below, which affirmed the referee and Workmen's Compensation Board, holding that his petition to set aside a final compensation receipt was filed too late.

Appellant was injured during the course of his employment on September 9, 1938, and suffered what was described as a "severe muscular strain of the back." He returned to work seventeen days later, on September 26, 1938, and three days later executed a final receipt for the compensation provided by an agreement dated September 23, 1938. Thereafter he was continuously employed, at his former wages, for four years and two months, until November 27, 1942. On that date he discovered that he was afflicted with the rupture of an intervertebral disc, which he alleged was a result of the acci-

dent, and for which operations were performed then and on February 15, 1943. Thereafter, on May 28, 1943, four years and eight months after he had executed the final receipt, he filed his petition to set it aside, basing his right on the Act of June 4, 1937, P. L. 1552, which allowed 600 weeks from the date of injury to file such petition. Appellee resisted, relying upon the Act of June 21, 1939, P. L. 520, §434, 77 PS §1001, effective on July 1, 1939, which limits the time for filing such petition to two years after the execution of the final receipt. The compensation authorities and the court below held that the Act of 1939 governed the time within which the petition should have been filed.

Thus the petition was filed within the 600 weeks allowed by the Act of 1937, but four years and eight months after the final receipt was executed, and three years and eleven months after the effective date of the Act of 1939. Appellant contends that, since the accident occurred and the receipt was given while the Act of 1937 was operative, he is not affected by the Act of 1939.

We examined this question only recently, and the late President Judge KELLER in *Hartman v. Pa. Salt Mfg. Co.*, 155 Pa. Superior Ct. 86, 88, 38 A. 2d 431, said: "The limitation in section 434 of the Act of 1939 did not take away any vested substantive right of the claimant to compensation. It merely affected the time within which he could move to set aside a final receipt of compensation that he had previously executed and delivered. It was wholly a matter of procedure, and would become effective at once, subject to the proviso, . . . that if the limitation period fixed by the Act of 1939 had already run at the date of its enactment, or was very close to it, the claimant must be allowed a further reasonable time in which to file his petition." Appellant's able counsel has not convinced us that we should depart from that rule.

It is true that in the *Hartman* case the final receipt was executed *after* the effective date of the Act of 1937

while here it was given *before* the effective date of the Act of 1939. But the distinction cannot control the decision. All our cases, many of which are cited in the *Hartman* case, hold that provisions concerning the time within which a proceeding must be initiated are procedural in character, become operative upon the effective date of the applicable statute, and apply to cases pending or rights existing at that date. A succinct statement of the rationale supporting the rule is afforded by the leading case, *DeJoseph v. Standard Steel Car Co.,* 99 Pa. Superior Ct. 497, 504, where KELLER, J., said: "The fourth article of the Workmen's Compensation Act relates to 'Procedure,' and in Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166, [110 A. 731], it was held the amendments of the Act of 1919, P. L. 642, to the fourth article went into effect at once and applied to cases then pending. Retroactive laws are not in violation of the Constitution which do not work an impairment of contracts, and which affect remedies of procedure only: Myers v. Lohr, 72 Pa. Superior Ct. 472, 477. Statutes of Limitations are to be construed liberally and provisions in them which are retroactive in character will be upheld if a reasonable time is given the parties affected to pursue their remedy: Kenyon v. Stewart, 44 Pa. 179. See also Com. v. Duffy, 96 Pa. 506; Gault's App., 33 Pa. 94; Waters v. Bates, 44 Pa. 473; Clay v. Iseminger, 187 Pa. 108, [41 A. 38]; Kille v. Reading Iron Works, 134 Pa. 225, 227, [19 A. 547]; Lane v. White, 140 Pa. 99, [21 A. 437]; Cleary v. Quaker City Cab Co., 285 Pa. 241, [132 A. 185]."

Appellant stands squarely upon the proposition that he had 600 weeks in which to file his petition. No contention is made that he filed it within a reasonable time after the effective date of the Act of 1939, and thus came within the rule adverted to in the *Hartman* case. Manifestly, the rule could not save him, and discussion of it is not required.

Judgment affirmed.